UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A., <br><br>                                      Plaintiff, <br><br> vs. <br><br> SHARON ZISMAN, BEREL ZISMAN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD <br><br>                                      Defendants. | Case No.: <br><br><br> **COMPLAINT** |

Plaintiff CIT Bank, N.A., formerly known as OneWest Bank N.A., formerly known as OneWest Bank, FSB ("CIT" or "Plaintiff") alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

## NATURE OF THE ACTION

1.      This is an action to foreclose a mortgage encumbering real property located at Block: 5607, Lot: 41 on the Tax Map of the Borough of Brooklyn, Kings County, State of New York, more commonly known as 4414 10th Avenue, Brooklyn, New York and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in Schedule A annexed hereto and made a part hereof (the "Property").

## PARTIES TO THE ACTION

2.      Plaintiff CIT is a national association which maintains its principal place of business at 888 East Walnut Street, Pasadena, California 91101.

3.      Plaintiff is the holder of the Note and Mortgage (defined below).

{11291659:2}

4. Defendants SHARON ZISMAN and BEREL ZISMAN (the "Zisman Defendants" or "Mortgagors") are natural persons and residents of the state of New York, having an address of 4414 10th Avenue, Brooklyn, New York 11219, and are the owners of the Property.

5. Defendant NEW YORK CITY DEPARTMENT OF FINANCE is named because it has or may claim to have a mortgage lien, judgment lien, or possible interest against the Property which is subordinate to Plaintiff's interest in the property as shown on Schedule "B" attached hereto.

6. Defendant NEW YORK CITY ENVIRONMENTAL CONTROL BOARD is named because it has or may claim to have a mortgage lien, judgment lien, or possible interest against the Property which is subordinate to Plaintiff's interest in the property as shown on Schedule "B" attached hereto.

7. Each of the above-named defendants (collectively "Defendants") have, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to, the lien of the Mortgage.

## JURISDICTION

8. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is complete diversity jurisdiction.

9. The Zisman Defendants are of diverse citizenship to Plaintiff.

   (a) Defendant Sharon Zisman is a domiciliary of the State of New York.

   (b) Defendant Berel Zisman is a domiciliary of the State of New York.

10. Defendant New York City Department of Finance is a domiciliary of the State of New York.

11. Defendant New York City Environmental Control Board is a domiciliary of the

State of New York.

12. Plaintiff maintains its principal place of business in the State of California (*see* 28 U.S.C. § 1332(C)(1)).

13. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs (*see* 28 U.S.C. § 1332), in that the amount in controversy herein is $564,940.67, that representing the unpaid principal balance of the loan, exclusive of costs and interests thereon.

## VENUE

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as the named defendants to this action either reside in and/or have a place of business in the State of New York.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to the claims in this action occurred in this District and the Property, which is the subject matter of the action, is wholly situated in this District.

## THE LOAN TRANSACTION

16. On or about April 11, 2006, the defendants Berel Zisman executed and delivered to First Meridian Mortgage, LLC ("First Meridian") a promissory note (the "Note") evidencing a loan made to the Zisman Defendants in the principal amount of five hundred and ninety-five thousand, one hundred dollars and 00/100 dollars ($595,100.00) with interest as provided therein.

17. On or about April 11, 2006, the Zisman Defendants duly executed, acknowledged, and delivered a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Meridian, for the purpose of securing payment of the

indebtedness set forth in the Note, wherein and whereby the Zisman Defendants mortgaged the Property to MERS as nominee for First Meridian.

18. On or about May 8, 2006, the Mortgage was duly recorded in the Kings County New York Clerk's Office under CRFN 20060000255046 and the requisite mortgage recording tax and all other fees were duly paid thereon.

19. An Allonge affixed to the Note contains an indorsement in blank and Plaintiff is in possession of the Note.

20. On or about March 24, 2009, the Mortgage was subsequently assigned from MERS as nominee for First Meridian to IndyMac Federal Bank FSB ("IndyMac"). On April 7, 2009, the Assignment of Mortgage evidencing the assignment was recorded in the Kings County New York Clerk's Office under CRFN 2009000101048.

21. On or about June 12, 2009, the Mortgage was assigned from IndyMac to Plaintiff. On July 13, 2009, the Assignment of Mortgage evidencing the assignment was recorded in the Kings County New York Clerk's Office under CRFN 2009000214050.

22. The Mortgage constitutes a valid and binding first lien on the Mortgaged Property enforceable in accordance with its terms, with priority superior in right to that of any other party.

23. To-date, Plaintiff remains the owner and holder of the Note and Mortgage.

**OTHER TERMS OF THE LOAN DOCUMENTS**

24. The Note and Mortgage state that if the Mortgagors do not pay the full amount of each monthly payment on the date it is due, they will be in default. In such an event, the holder of the Mortgage may send a notice of default to the Mortgagors, informing them that the overdue amount must be paid by a date certain.

25. The Note and Mortgage further provide that the holder of the Mortgage may

accelerate the entire principal amount outstanding and any accrued interest in the event the Mortgagors fail to pay the overdue amount by the time set forth in the notice of default.

26. Paragraph 6(c) of the Note titled "Notice of Default" states that:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

27. Paragraph 22 of the Mortgage enumerates "Lender's Rights if Borrower Fails to Keep Promises and Agreements." This paragraph states, in pertinent part,:

> … [I]f all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that [Mortgagor] pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called 'Immediate Payment in Full.'
>
> If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of [Mortgagor's] remaining rights in the Property and have the Property sold. At this sale Lender or another person may acquire the Property. This is known as 'Foreclosure and Sale.' In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount [Mortgagor] owe[s] Lender, which fees shall become part of the Sums Secured.
>
> Lender may require Immediate Payment in Full under Section 22 only if all of the following conditions are met:
> (a) [Mortgagor] fail[s] to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;
> (b) Lender sends to [Mortgagor], in the matter described in Section 15 of this Security Instrument, a notice that states:
>> (1) The promise or agreement that [Mortgagor] failed to keep or the default that has occurred;
>> (2) The action that [Mortgagor] must take to correct that default;

    (3) A date by which [Mortgagor] must correct the default. That date will be at least 30 days from the date on which the notice is given;

    (4) That if [Mortgagor] do[es] not correct the default by the date stated in notice, Lender may require Immediate Payment in Full and Lender or another Person may acquire the Property by means of foreclosure and sale

    (5) That if [Mortgagor] meet[s] the conditions stated in Section 19 of this Security Instrument, [Mortgagor] will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

    (6) That [Mortgagor] ha[s] the right in any lawsuit for Foreclosure and Sale to argue that [Mortgagor] did keep [his/her] promises and agreements under the Note and under this Security Instrument, and to present any other defenses that [Mortgagor] may have; and

  (c) [Mortgagor] do[es] not correct the default stated in the notice from Lender by the date stated in that notice.

## DEFAULT AND NOTICES

28. On January 1, 2011 the Zisman Defendants failed to comply with the terms and provisions of the Note and Mortgage by failing to make the monthly installment payment due on that day comprising principal, interest and other sums required by the Note and Mortgage and by failing to make all subsequent monthly installment payments due thereafter.

29. On August 26, 2016 pursuant to the provisions of the Mortgage, notices compliant in all respects with the requirements of notice enumerated in Paragraph 15 (entitled "Notices Required under this Security Instrument") of the Mortgage, and Paragraph 22 of the Mortgage (as alleged above), were sent to the Zisman Defendants, notifying them of their failure to make the payments and setting forth each of the other matters required by Paragraph 22 of the Mortgage to be set forth therein.

30. On August 29, 2016, pursuant to the provisions of New York Real Property

Actions and Proceedings Law (hereinafter "RPAPL") §1304, ninety (90) day pre-foreclosure notices were sent to the Zisman Defendants.

31. Pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day pre-foreclosure notices with the New York State Department of Financial Services.

32. The default alleged above constitutes Mortgagors' failure to keep the promises and agreements made in the Note and Mortgage, and has not been cured, notwithstanding the notifications sent and filed.

33. The Zisman Defendants' default continues through the date of this Complaint, unabated.

## ACCELERATION AND FORECLOSURE

34. Plaintiff therefore elects, and hereby elects, to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable.

35. As of March 22, 2017, there was due and owing to Plaintiff the unpaid principal sum of $564,940.67 plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.

36. Pursuant to the provisions set forth in paragraph 22 of the Mortgage, Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure action.

37. During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges

affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Mortgaged Property.

38. No other action has been commenced at law or otherwise that is still pending for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

39. In the event Plaintiff possesses any other lien(s) against the Mortgaged Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

40. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

  a. Any state of facts that an inspection of the Mortgaged Property would disclose;
  b. The state of facts that surveys of the Mortgaged Property might disclose;
  c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
  d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
  e. Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
  f. All rights of tenants or persons in possession of the Mortgaged Property other than tenants, if any, named as defendants in this action;
  g. Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and
  h. Prior liens of record prior to the Mortgage, if any.

41. If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are

or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that must be paid as a prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

42. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, and together with any

monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, and that Defendant Berel Zisman may be adjudged to pay any deficiency remaining after the application of such monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated: New York, New York
March 31, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**,

By: /s/ Sean Monahan
Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff CIT Bank, N.A.*

## SCHEDULE A

### Legal Description

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northwesterly side of 10th Avenue, distant 75 feet 2 1/8 inches northeasterly from the corner formed by the intersection of the northwesterly side of 10th Avenue with the northwesterly side of 45th Street.

RUNNING THENCE, northwesterly parallel with 45th Street and part of the distance through a party wall 100 feet;

THENCE northeasterly parallel with 10th Avenue 25 feet;

THENCE southeasterly parallel with 45th Street and part of the distance through a party wall 100 feet to the northwesterly side of 10th Avenue;

THENCE southwesterly along the northwesterly side of 10th Avenue 25 feet to the point or place of BEGINNING.


## **Schedule B**

| | |
|---|---|
| New York City Department Of Finance | Holder of possible judgments against Sharon Zisman. See attached. |
| New York City Environmental Control Board | Holder of possible judgments against Sharon Zisman. See attached. |

```
Title No: 2024-WTA-16-031206

COUNTY CLERK SEARCH( 01/30/2017 )

Last Name: ( Zisman )
First Name: ( Sha )
COUNTY: ( KINGS )

Run Date: 11/14/2016 To: 01/30/2017
*****************************************************************

JUDGMENTS -

Kings County from ( 08/90 to 01/27/17 )

Search Parameters- Last:Zisman    First:Sha

All Types Of Liens

END RETURNS
*****************************************************************

PVB - (Parking Violations Bureau - Ending Date 01/26/17)

Search Parameters- Last:Zisman    First:Sha

ZISMAN SHARIG
1266 E 24TH ST
BROOKLYN NY 11210
No. of Judgments - 1      Plate No.-7699452150

Amt: $105.00      Interest: $.00
----------------------------------------------------------------
ZISMAN SHARON R
200 E END AVE # 7E
NEW YORK    NY 10128
No. of Judgments - 1      Plate No.-78845

Amt: $30.00       Interest: $.33
----------------------------------------------------------------
END RETURNS
*****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 12/31/16)

Search Parameters- Last:Zisman    First:Sha

SHARON ZISMAN
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 160530581    Date-04/09

Amt: $300.00
----------------------------------------------------------------
ZISMAN SHARON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 40479217R    Date-04/16

Amt: $300.00
----------------------------------------------------------------
ZISMAN SHARON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 41655233N    Date-10/11

Amt: $300.00
----------------------------------------------------------------
ZISMAN SHARON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 41366206R    Date-06/13

Amt: $300.00
----------------------------------------------------------------
ZISMAN SHARON
```

```
ZISMAN SHARON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 40375394L    Date-01/17

Amt: $450.00
------------------------------------------------------------
ZISMAN SHARON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 44880462R    Date-01/17

Amt: $100.00
------------------------------------------------------------
ZISMAN SHARON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 41664245P    Date-04/12

Amt: $25.00
------------------------------------------------------------
ZISMAN SHAROV
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 170809385    Date-04/10

Amt: $300.00
------------------------------------------------------------
ZISMAN SHAVON
4414 10 AVENUE
BROOKLYN, NY 11219
ECB Violation No.: 189828147    Date-06/16

Amt: $300.00
------------------------------------------------------------
END RETURNS
*************************************************************

Uniform Commercial Code from ( 10/01/1988 - 01/27/17 )

Kings County
Search Parameters- Last:Zisman     First:Sha

END RETURNS
*************************************************************

Federal Tax Liens from ( 01/94 - 01/27/17 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:Zisman     First:Sha

END RETURNS
*************************************************************

TAB - (Transit Adjudication Bureau - from 07/14/1998 to 01/20/17)

Search Parameters- Last:Zisman     First:Sha

END RETURNS
*************************************************************
```

# NOTICE PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, <u>15 U.S.C. SECTION 1692 AS AMENDED</u>

1. There is, as of March 22, 2017, due and owing pursuant to the promissory note and mortgage as modified, as described in the Complaint: the aggregate sum of $1,057,100.08 for unpaid principal balance, interest, accumulated late charges, and recoverable balance; in addition, attorneys' fees, costs, and disbursements have been incurred by the Creditor due to the Mortgagors' defaults, which are not included in the above sum. Per Diem interest continues to accrue, in addition to other sums.

2. The Plaintiff is the creditor to whom the debt is owed.

3. The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5. If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6. Written request should be addressed to the attorney whose signature, name and address appear below.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
March 31, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**

By:   /s/ Sean Monahan
Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff CIT Bank, N.A.*

{11291659:2}