UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A.,<br><br>                                  Plaintiff,<br><br>vs.<br><br>SHARON ZISMAN, BEREL ZISMAN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>                                  Defendants. | Case No.: 1:17-cv-02126-CBA<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff CIT Bank, N.A., ("CIT Bank") submits this opposition to Defendants Sharon Zisman and Berel Zisman's motion to dismiss.

### PLAINTIFF'S ACTION IS NOT BARRED BY RES JUDICATA BECAUSE A DISMISSAL BASED ON THE ISSUE OF STANDING IS NOT A DISMISSAL ON THE MERITS FOR RES JUDICATA PURPOSES.

Defendants brought their motion to dismiss solely on the basis of res judicata. Defendants' motion fails as a matter of law. Res judicata bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). Defendants' motion fails as a matter of law because the prior state court action was not a final judgment on the merits and therefore the first element of res judicata is not met.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984). Accordingly, New York law will apply in determining whether res judicata applies. In

New York, a State Court decision dismissing an earlier action based solely on the issue of standing is not considered a dismissal on the merits for res judicata purposes. Caliguri v. JPMorgan Chase Bank, N.A. 121 A.D.3d 1030, 1031, 996 N.Y.S.2d 73,75 (App. Div. 2d Dep't 2014); see also Alco Gravure, Inc. v. Knapp Found., 64 N.Y.2d 458, 465, 490 N.Y.S.2d 116, 479 N.E.2d 752; *Jackson v. Jamaica Hosp. Med. Ctr., 61 A.D.3d 1166, 876 N.Y.S.2d 246; Tico, Inc. v. Borrok,* 57 A.D.3d 302, 868 N.Y.S.2d 522; Pullman Group v. Prudential Ins. Co. of Am., 297 A.D.2d 578, 747 N.Y.S.2d 170.  The Caliguri Court found that a prior foreclosure action dismissed on the ground that the bank in that case failed to establish that it had standing to bring the action was not considered dismissed on the merits for res judicata purposes. The Second Circuit has also held that dismissal for lack of standing is not on the merits and lacks res judicata effect. Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 809 F.3d 737, 745 (2d Cir.), cert. denied, 137 S. Ct. 160, 196 L. Ed. 2d 121 (2016). As discussed by the New York Court of Appeals in Landau v. LaRossa, Mitchell & Ross,11 N.Y.3d 8,13-14 (2008), it is inequitable to preclude a party from asserting a claim under the principles of res judicata when the disposition of the case is based on lack of standing.

> "Whereas a dismissal based on the statute of limitations or statute of frauds grounds is a determination that the matter is irremediably flawed as a matter of law, it is equivalent to a determination on the merits for res judicata purposes.  At the opposite end of the spectrum, dismissal for prematurity, lack of standing, absence of ability of the court to proceed by reason of a defect in jurisdiction over subject matter or person or other forms of procedural inadequacy unique to the particular case in the particular forum are not intended to have any determinative effect 'on the merits' of the action." (citing Weinstein, Korn & Miller, NY Civ. Prac P.  5011.11, at 50-116(2d Ed.).

Here, the prior state court action was dismissed via a stipulation that granted Defendants' motion for summary judgment. *See* Affirmation of Mark Kranz in Support of Motion to Dismiss

(the "Kranz Affirmation") at Exhibit E. Defendants' motion for summary judgment in the prior action was entirely based on IndyMac's lack of standing. See Kranz Affirmation at ¶¶ 18-19 and Exhibit F. In their affirmation in support of this motion to dismiss, Defendants state that the grounds for summary judgment were that "**the note was never assigned to the Plaintiff so that Plaintiff does not have standing to foreclose.**" See Kranz Affirmation at ¶ 18. The prior motion for summary judgment stated three grounds in support of dismissal of the prior foreclosure action: 1) "[IndyMac] Cannot Foreclose Since it Ceased to Exist Prior to the Commencement of this Action" (Exhibit E at p. 5); 2) "MERS, as Nominee, was Unable and Without any Authority to Assign the Mortgage to [IndyMac]" (Exhibit E at p. 6); and 3) "[IndyMac] Cannot Foreclose Since the Note was Never Assigned to Plaintiff" (Exhibit E at p. 8). All three of these grounds are clearly challenges to IndyMac's standing. Accordingly, pursuant to established New York law, for res judicata purposes there was not a final order on the merits in the state court action, and therefore res judicata does not apply.

## CONCLUSION

Because res judicata does not apply, Defendants' motion to dismiss should be denied in its entirety.

Dated: May 11, 2018
New York, New York

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
Attorneys for Plaintiff

By:____/s/ Sean K. Monahan_____
Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000