## Certification

**STATE OF NEW YORK, COUNTY OF KINGS, SS:**

**I, Nancy T. Sunshine, County Clerk and Clerk of Supreme Court Kings County,**

**do hereby certify that on December 3, 2018 I have compared**

**the document attached hereto,**

**10559/2009 Order dated 4/11/13 filed 4/17/2013 page(s) 11-21**

**with the originals filed in my office and the same is a correct transcript**

**therefrom and of the whole of such original in witness**

**whereto I have affixed my signature and seal.**

*Nancy T. Sunshine*

NANCY T. SUNSHINE
KINGS COUNTY CLERK

STATE OF NEW YORK
SUPREME COURT          COUNTY OF KINGS

_____

INDYMAC FEDERAL BANK FSB,

                        Plaintiff,

                                                                         AFFIDAVIT IN
                                                                     SUPPORT OF
-vs-                                                                   MOTION FOR
                                                                    SUMMARY
                                                                    JUDGMENT

BEREL ZISMAN; SHARON ZISMAN a/k/a
SHARON R. ZISMAN; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD;
  JOHN DOE   AND   JANE DOE   said names
being fictitious, it being the intention of Plaintiff
to designate any and all occupants of the premises
being foreclosed herein,
10559/09                                                    Index No.
                           Defendants.

_____

STATE OF   Texas       )
COUNTY OF      Travis    ) ss.

_____Erica A. Johnson-Seck_____   being duly sworn, deposes and says:

1)    I am the _____Vice President_____ of Onewest Bank, F.S.B.,

successor-in-interest to INDYMAC FEDERAL BANK by purchase through

FDIC receivership, the Plaintiff in the action herein.  A copy of documentation

showing Onewest s purchase of IndyMac through FDIC receivership is annexed

hereto as Exhibit  G .  I make this affidavit in support of Plaintiff s motion for

summary judgment to strike the answer of defendant BEREL ZISMAN, to

appoint a referee, and to substitute Onewest Bank, F.S.B., as the plaintiff.

2)    I make this affidavit with personal knowledge of the facts and circumstances herein

which are derived from an independent examination of the financial books and business

records made in the ordinary course of business maintained by the Plaintiff to be an

accurate and fair representation of the occurrences with which the record purports to

represent as well as records of the plaintiff relative to the within litigation.   The

essence of the records relied upon are systematically made for the conduct of a business as a business and that reflect the routine reflections of the day-to-day operations and so they may be relied upon as being truthful and accurate.  This affidavit is made in support of plaintiff s motion for summary judgment, to dismiss defendant s answer and to allow this foreclosure action to proceed to judgment.

3) The answer of defendant BEREL ZISMAN is without merit and raises no issues of fact whatsoever. It represents the attempt of a defaulting mortgagor to delay a foreclosure, all without foundation of any kind.

4) Heretofore, a complaint was interposed on behalf of plaintiff, a copy of which is annexed hereto for the information of the Court as  Exhibit A . Your deponent affirms that all allegations contained in the complaint, were at the time that the complaint was verified, and are at this time, true and accurate. The response thereto has been the Answer of defendant BEREL ZISMAN, a copy of which is annexed hereto as  Exhibit C.  The defendant submitted the aforementioned Answer, *pro se*, on or about May 28, 2009.

5) That with regard to the denials, denials of knowledge or information, and admissions of the defendant as regards plaintiff s complaint, your deponent specifically realleges each allegation contained in the complaint, and more specifically responds as follows:

a) That as alleged in paragraph  FIRST  of the complaint, the plaintiff, is a foreign State banking corporation, duly licensed, organized and existing pursuant to the laws of it s State, doing business in the State of New York.

10559/2009 Order dated 4/11/13

b) That as alleged in paragraph SECOND of the complaint, upon information and belief, that at all times hereinafter mentioned, the defendant(s) set forth in "Schedule A Defendants" of the Summons and Complaint, reside or have a place of business at the address set forth therein (any that are corporations being organized and existing under the laws of the State set forth therein) and are made defendants in this action in the capacities therein alleged and for the reasons set forth in said Schedule.

c) As alleged in paragraph THIRD of the complaint, the United States of America, The People of the State of New York, The State Tax Commission of the State of New York, the Industrial Commissioner of the State of New York, and all other agencies or instrumentalities of the Federal, State or local government (however designated), and the prior mortgagee(s) holding a lien upon the property are made parties solely by reason of the facts set forth in "Schedule B" of the Summons and Complaint.

d) That as alleged in paragraph FOURTH of the complaint, heretofore the defendants named in "Schedule C" of the Summons and Complaint ("Schedule C" being a copy of the bond(s) or note(s), or an accurate reference to the assumption agreement(s), evidencing the indebtedness to plaintiff), for the purpose of securing to plaintiff, its successor and assigns, a sum of money, duly executed and acknowledged a certain bond(s) or note(s) whereby they bound their successors or heirs, executors,

administrators and assigns, and each and every one of them, jointly and

severally, in the amount of said sum of money, all as more fully appears

together with the terms of repayment of said sum and rights of the plaintiff

in "Schedule C".

e)    That as alleged in paragraph   FIFTH   of the complaint, as security for the

payment of said indebtedness, a mortgage(s) was executed ("Schedule D"

of the Summons and Complaint being a copy of said mortgage[s]),

acknowledged and delivered to the plaintiff or its assignor, whereby the

mortgagor or mortgagors therein named, bargained, granted and sold to

the mortgagee named therein, its successors and assigns, the premises

more particularly described therein (hereinafter called "mortgaged

premises"), under certain conditions with rights, duties and privileges

between or among them as more fully appears in said mortgage.

f)    That as alleged in paragraph   SIXTH   of the complaint, the said

mortgage(s) was duly recorded (and the mortgage tax(es) due thereon was

duly paid) in the proper County Clerk's Office at the place and time which

appears thereon.

g)    That as alleged in paragraph   SEVENTH   of the complaint, the

defendants BEREL ZISMAN & SHARON ZISMAN have failed and

neglected to comply with the conditions of mortgage(s), bond(s) or note(s)

by omitting and failing to pay items of principal and interest or taxes,

assessments, water rates, insurance premiums, escrow and/or other

charges, all as more fully appears in "Schedule E of the Summons and

10559/2009 Order dated 4/1/10

Complaint" and accordingly the plaintiff hereby elects to call due the entire amount secured by the mortgage described in previous paragraphs.

h)   That as alleged in paragraph  EIGHTH  of the complaint, "Schedule E" of the summons and complaint sets forth the principal balance due and the date (and rate) from which interest accrued and all other items and charges arising from said default which are now due.

i)   That as alleged in paragraph  NINTH  of the complaint, in order to protect its security, the Plaintiff has paid, if set forth in "Schedule E of the Summons and Complaint", or may be compelled to pay during the pendency of this action to pay local taxes, assessments, water rates, insurance premiums and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interest thereon), should be added to the sum otherwise due and be deemed secured by the said mortgage(s) and be adjudged a valid lien on the mortgaged premises.

j)   That as alleged in paragraph  TENTH  of the complaint, all the defendants herein have, or claim to have, some interest in, or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage(s).

k)   That as alleged in paragraph  ELEVENTH  of the complaint, the plaintiff is now the sole, true and lawful owner of the said bond(s)/note(s) and mortgage(s) securing the same and there have been no prior proceedings at

law or otherwise, to collect or enforce said bond(s)/note(s) and mortgage(s) and none are currently pending.

l)   That as alleged in paragraph  TWELFTH  of the complaint, upon information and belief, plaintiff has complied with all provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-l or six-m of the banking law and section thirteen hundred four of the real property actions and proceedings law.

m)   That as alleged in paragraph  THIRTEENTH  of the complaint, Schedule "A", "B", "C", "D", and "E of the Summons and Complaint" expressly incorporated and made a part of the Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein whenever reference has been made to each or any of them.

n)   That as alleged in paragraph  FOURTEENTH  of the complaint, that by reason of the foregoing, there is now due and owing to the plaintiff upon said bond(s) or note(s), the amount set forth in "Schedule E of the Summons and Complaint".

o)   That as alleged in paragraph  FIFTEENTH  of the complaint, Plaintiff shall not be deemed to have waived, altered, released or changed the election herein before made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

10559/2009 Order dated

p)     That as alleged in paragraph  SIXTEENTH  of the complaint, pursuant to the Fair Debt Collection Practices Act, this action may be deemed an attempt to collect a debt, on behalf of Plaintiff. Any information obtained as a result of this action will be used for the purpose.

6)     I have also reviewed plaintiff's books and records, and the payments of principal and interest made by defendants to the plaintiff.  Any allegation of either full or timely payment is simply not substantiated by these records. Thus, the above-entitled action was commenced by the service of a Summons and Complaint, copies of which are annexed and marked Exhibit "A" upon all necessary defendants.     Further, all notices of default as required in the mortgage have been sent as prescribed in the mortgage.  A copy of the Notice of Default was mailed to defendant on January 9, 2009, via first class mail.  Upon information and believe, it was not returned by the Post Office for any reason whatsoever.  A copy of the January 9, 2009, Notice of Default is annexed hereto as Exhibit  D .  All time frames set forth in the notice and /or notices, as requires by the mortgage have elapsed and the defendant(s) have not taken the necessary action to correct the default and or defaults as specified herein and in the complaint.

7)     All remaining properly named defendants have either defaulted or served an appearance and waiver.

8)     Deponent believes that the defenses of defendant BEREL ZISMAN to this action are without merit and that the annexed answer should be stricken and judgment entered in favor of the plaintiff.

9)     This is an action to foreclose on a mortgage dated April 11, 2006, executed by **BEREL ZISMAN & SHARON ZISMAN**, to secure the sum of $595,100.00 and recorded in CRFN 2006000225046, in the Kings County Office of the New York

City Register on May 8, 2006 having been assigned by Mortgage Electronic Registration Systems, Inc. as nominee for First Meridian Mortgage LLC to plaintiff by virtue of an Assignment of Mortgage recorded in CRFN 2009000101048 on April 7, 2009.

10) The plaintiff has never waived strict compliance with the terms of the bond or the mortgage.

11) The answer of defendant BEREL ZISMAN consists of unsubstantiated allegations, all of which are without merit, the specific responses to which are set forth below:

a)     Defendant s defense that he is eligible for a government sponsored modification program is without merit.  Your affiant assumes that the defendant is referring to the Loan Modification Program for Distressed IndyMac Mortgage Loans.  The FDIC website offers the details of the program. Annexed hereto as Exhibit  E  is a copy of the information presented on the website which explains the program in detail. The program does not guarantee a modification offer for all borrowers. Indeed, there are criteria for eligibility and while IndyMac may offer loan modifications to some borrowers, they are neither required to do so nor are they required to hold any action in abeyance while ascertaining a borrower s eligibility for the program.  In fact, the information on the FDIC website clearly states that borrowers must continue to make timely payments and comply with the terms of the mortgage agreements during the qualification process. At this time, there is no active loan modification. While lender may be contemplating some sort of workout, lender has not and will not waive any of its rights while ascertaining the borrower s eligibility for a modification.  The qualification process does not stay the

10559/2009 Order dated

foreclosure and the request does not constitute a valid defense to the non payment of the mortgage. Summary judgment should be granted to the plaintiff.

b) Defendant admits to being behind in his payments, yet disputes the charges of the complaint. This allegation is vague, unsubstantiated and wholly without merit. Should the defendant dispute the sums owed to the plaintiff, a copy of the payment history of the loan is annexed hereto as Exhibit F which sets forth the principal balance, interest rate and date from which interest is calculated. This information is identical to that set forth in Schedule E of the complaint. The payment history shows remittances made by the defendant, the last of which was made on July 3, 2008 and applied to the May 1, 2008 mortgage payment. However, the payment was returned for insufficient funds on July 9, 2008 and was reversed out of the account. No payment was received thereafter. The loan remains due for the May 1, 2008 payment with interest due from April 1, 2008. The payment history also shows a negative escrow balance of $14,457.71 for hazard insurance and property tax advances. Plaintiff continues to suffer a financial loss as a result of the defendant s default.

Further, your affiant has been advised by counsel that any allegation which asserts a dispute as to the sums owing to the plaintiff does not represent a meritorious defense as such a dispute may be resolved after the appointment of a referee pursuant to R.P.A.P.L. § 1321. Summary judgment should be granted to the plaintiff.

13)     The simple uncontroverted fact is that the defendant was loaned and did receive
        $595,100.00, as is confirmed by the Mortgage Note and Mortgage.  For reasons
        unknown to the plaintiff, defendant was not able to uphold this obligation to the
        detriment of the plaintiff.   Your affiant has been advised that at the time the
        summons and complaint was served, there were eight (8) tenants occupying the
        premises. Clearly, the mortgagors intend to enjoy the benefit of rental income
        while neglecting to make good on their mortgage obligation.

13)     The cause of action to foreclose said mortgage against the mortgagors is
        established by documentary evidence sufficient to warrant this court, as a matter
        of law, to direct judgment in favor of plaintiff.

14)     The instant mortgage does not meet the criteria established by C.P.L.R. § 3408
        requiring a settlement conference for sub prime, high cost or non traditional home
        loans.  To definable as a   home loan  , the mortgaged premises must be owner
        occupied.  As is evidenced by the affidavits of service annexed hereto, the
        mortgaged premises is not owner occupied.  Therefore, the loan cannot be defined
        as a sub prime, high cost or non-traditional home loan.

15)     No previous application for relief prayed herein has been made.


        WHEREFORE, your deponent respectfully prays for an order striking the answer
of the defendant and directing the entry of summary judgment in its favor, appointing a
referee to compute the amount due, amending the caption to substitute   OneWest Bank
FSB   as plaintiff in place and stead of   IndyMac Federal Bank, F.S.B.   and for

i0559/2009 Order dated 4/14/15

the relief demanded in the Complaint, granting any further relief that the court may deem just and proper.

_____
Erica A. Johnson-Seck        Vice President

Sworn to before me this
23 day of FEB , 2010.

_____
Notary Public

Anna Elizabeth Ramsey
Notary Public,
State of Texas
Comm. Exp. 12-15-13

## UNIFORM, ALL PURPOSE CERTIFICATE OF ACKNOWLEDGEMENT
### (Outside of New York State)

(STATE OF _____Texas_____ )
(COUNTY OF _____Travis_____ )

On the 23 day of FEB in the year 2010 before me, the undersigned, personally appeared _____Erica A. Johnson-Seck_____ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the _____CITY OF Austin Texas_____ .

(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).

_____
Notary Public

Anna Elizabeth Ramsey
Notary Public,
State of Texas
Comm. Exp. 12-15-13