1

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK
 2   - - - - - - - - - - - - - - - - X
                                     :
 3      CIT BANK, N.A.,               :   17-CV-02126(CBA)
                                     :
 4             Plaintiff,             :
                                     :
 5                                    :   United States Courthouse
        -against-                     :   Brooklyn, New York
 6                                    :
                                     :
 7                                    :   August 9, 2018
        ZISMAN, ET AL.,               :   2:00 p.m.
 8                                    :
               Defendant.             :
 9
     - - - - - - - - - - - - - - - - X
10
            TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
11              BEFORE THE HONORABLE CAROL B. AMON
                  UNITED STATES DISTRICT JUDGE
12
                       A P P E A R A N C E S:
13

14   For the Plaintiff:   WINDELS, MARX, LANE & MITTENDORF, LLP
                          156 West 56th Street
15                        New York, New York 10019

16                        BY:  SEAN KEVIN MONAHAN, ESQ.

17
     For the Defendant:   SUSLOVICH & KLEIN LLP
18                        1507 Avenue M
                          Brooklyn, New York 11230
19
                          BY:  MARK M. KRANZ, ESQ.
20

21   Court Reporter:      Denise Parisi, RPR, CRR
                          Official Court Reporter
22                        Telephone: (718) 613-2605
                          E-mail: DeniseParisi72@gmail.com
23
     Proceedings recorded by computerized stenography.  Transcript
24   produced by Computer-aided Transcription.

25                    *    *    *    *    *
```

1    THE CLERK:  CIT Bank against Zisman, 17-CV-2126 on
2 for oral argument.
3    THE COURT:  All right.  Would the parties state
4 their appearances, please.
5    MR. MONAHAN:  Sean Monahan, Windels Marx Lane &
6 Mittendorf, for the plaintiff, CIT Bank.
7    MR. KRANZ:  Mark Kranz for defendant, Sharon Zisman
8 and Berel Zisman.
9    THE COURT:  All right, so Mr. Kranz, this is your
10 motion to dismiss 12(b)(6), right?
11    MR. KRANZ:  Yes, Your Honor.
12    THE COURT:  In a 12(b)(6) motion we have to assume
13 that all the allegations of the complaint are well pleaded,
14 correct?
15    MR. KRANZ:  Yes, Your Honor.
16    THE COURT:  They allege that they are the holder of
17 the note.
18    MR. KRANZ:  Yes.
19    THE COURT:  Why isn't that the end of the ball game?
20    MR. KRANZ:  Well, there's an order from the court --
21 state court action, which says that they don't have the note.
22    THE COURT:  No, it didn't say that weren't the
23 holder of the note.  It said that -- you could argue it was
24 something dispositive about the assignment, but they are not
25 even relying assignment, they are relying on the fact that

1  they are the physical holder of the note.
2          MR. KRANZ:  Well, Your Honor is asking a good
3  question.
4          The allegations in the complaint are not saying
5  anything different than what they said in the prior action,
6  and in the prior summary judgment action, we allege that they
7  did not have the note -- they didn't have possession --
8          THE COURT:  But if they had possession of the note
9  when they brought the case here, which is what they allege,
10 they have standing.
11         MR. KRANZ:  Well, that's what they are alleging and
12 it may even be --
13         THE COURT:  Well, you have to accept that as true.
14         MR. KRANZ:  Not in the face of a prior determination
15 in the state court, Your Honor, where the state court --
16         THE COURT:  The state court didn't determine that
17 they weren't the holder of the note, and even if they had
18 determined at that point in time that they weren't the holder
19 of the note, presumably they could acquire the note later when
20 they brought this action.
21         MR. KRANZ:  Yes, Your Honor, I actually pointed that
22 out in my motion papers.  If they can say -- even allege that
23 they acquired the note subsequent to that date, that would be
24 a different situation.  That's not what they are doing here.
25 They are saying in the complaint that the possession that they

1  have is the same exact possession that they had in the prior
2  action.  In fact, the language that they used in the complaint
3  is that the plaintiff remains the owner and holder of the note
4  and mortgage.  In other words, they are saying that their
5  ownership and possession is the identical ownership and
6  possession which they had alleged in the state court action.
7  Your Honor is absolutely correct.  If they are alleging that
8  they got a new possession, if there's something new that came
9  about, that would be a completely different situation.  They
10 are not doing that.  They are actually following exactly in
11 the face of what the state court had already adjudicated for
12 something like six years.
13            I also attached to my reply papers actually a prior
14 determination on summary judgment where the judge questioned
15 those exact issues, so this is nothing -- this is not saying
16 that the -- you know, we have standing and they are citing to
17 the case that says, you know, if you just have a note endorsed
18 and blank attached to the complaint, that's sufficient.  We
19 have an actual decision from the state court that's saying no,
20 that is not good, you do not have standing, you have not
21 shown.
22            Our motion for summary judgment was granted finding
23 that they did not have standing, so now they are just starting
24 a new action in state court, they don't make any mention the
25 prior action in the complaint, they allege the exact same

1  allegations they had in the prior court action, and now
2  this -- it's like a redo, a do-over, like they get a brand-new
3  chance.  It doesn't work that way.  Our motion for summary
4  judgment in the prior court action has already been granted
5  finding that they did not have possession of the note
6  sufficient to confer standing.
7       THE COURT:  Well, I don't know that it held that,
8  actually.  It said that -- you made the argument about
9  assignment, correct?
10      MR. KRANZ:  We made an argument about the
11  assignment, we made the argument about the note, we made both
12  those arguments, the motion for summary judgment was
13  granted --
14      THE COURT:  How would you have been able to allege
15  that they didn't -- that they weren't the holder of the note?
16      MR. KRANZ:  Well, as part of that motion, they -- as
17  part of that action, there was -- I believe there was
18  discovery.  I think there's a lot of things that went on
19  during that time frame -- this was a six-year action -- so we
20  came forward with a motion for summary judgment saying they
21  don't have the note, they don't have possession, or it's not
22  sufficient to confer standing.  Our motion was granted.
23  That's the end of that inquiry.  If they want to go back to
24  the state court action and reargue that motion or redo what
25  happened there, that's something else, but they can't come to

1  federal court and try to get a brand-new chance at the same
2  exact issue which has already been determined.
3              THE COURT:  Do you want to be heard, counsel?
4              MR. MONAHAN:  Yes, Your Honor.
5          The defense counsel is misrepresenting the issue of
6  standing in the state court action.  In the state court
7  action, the -- standing in New York is based on who was the
8  holder of the note at the time of commencement.  So the state
9  court action alleged that Indy Mac was holder of the note on
10 April 30th, 2009.  That turned out not to be true; the note
11 had already been transferred to One West Bank.  The issue here
12 is whether One West or CI -- or now known as CIT Bank was the
13 holder of the note at commencement of this action on
14 April 7th, 2017.  The state court decision has absolutely no
15 bearing on plaintiff's standing in this action because how
16 could the state court determine, back in 2016, who would have
17 the possession of the note in 2017?  It was not an issue that
18 was in front of the court; it was not an issue that could be
19 decided by the Court.  And this is a motion to dismiss, so all
20 allegations in the complaint are deemed as true, and the
21 allegation is that plaintiff had possession of the note,
22 endorsed in blank, at commencement of this action.
23             THE COURT:  Where is that allegation in your
24 complaint?  Let me just double-check it.
25             MR. MONAHAN:  Paragraph 19 of the complaint, and a

Proceedings                                                              7

1   copy of the note with the endorsement was attached with the
2   certificate of merit that was filed at the same time as the
3   complaint.
4              THE COURT:  Okay.  I think that --
5              MR. KRANZ:  Can I respond to that, Your Honor?
6              THE COURT:  Go ahead.
7              MR. KRANZ:  Okay, I'll -- briefly.
8              This is the same point that they have been making.
9   They are just saying the state court action can't determine
10  what's happening now, but they are saying in the complaint
11  that what they have -- and it's set forth clearly -- what they
12  have now, it stems from then, and the state court action
13  already made a determination as to that.  In other words, if
14  they would say in the complaint:  Forget about it.  Since the
15  date of the state court action, we have now acquired
16  possession of the note, that's a whole different ball --
17  that's a whole different allegation.  That's not what they are
18  saying.  They are saying what we have now -- and actually use
19  these terms -- what they are saying what we have now stems
20  from them.
21             THE COURT:  But how did the state court determine
22  that CIT -- what in the state court's determination even
23  decided that they weren't the holder of the note on that date?
24             MR. KRANZ:  There were a lot of issues in that case.
25             Your Honor, I actually attached to my reply a prior

1  denial of summary judgment.  The question -- the judge
2  actually put a -- put in his determination -- in his decision,
3  that they -- the judge was questioning how they even -- the
4  note was even negotiated to the plaintiff.
5              THE COURT:  The bottom line is, they have filed a
6  new complaint here, they say in this complaint that it's CIT
7  Bank, they say they are holder of the note.  In terms of the
8  12(b)(6) motion, that's sufficient and it -- I don't think
9  it -- as counsel points out, I don't think that issue could
10 have been resolved in the other case, so I'm denying the
11 motion to dismiss.
12             Have you gone through any discovery on this case?
13             MR. MONAHAN:  We haven't yet because the defendants
14 haven't -- hasn't filed an answer.
15             THE COURT:  When are you going to file your answer?
16             MR. KRANZ:  Can I have 30 days, Your Honor, to put
17 in an answer?
18             THE COURT:  Sure.
19             MR. KRANZ:  Can I -- Your Honor, I'm sorry for going
20 back to that.
21             THE COURT: Well, you are not going to go back to
22 that because I have just decided it so there's no sense in
23 doing that.
24             I understand your arguments.  It wasn't like I did
25 not understand what you were saying.

Proceedings 9

1          Okay.  Thank you.
2          MR. MONAHAN:  Thank you, Your Honor.
3          MR. KRANZ:  I'm sorry, I didn't hear you, Your
4  Honor.  You said 30 days?
5          THE COURT:  Yes, sir, from today.
6          (Matter concluded.)

              *     *     *     *     *

I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.

   /s/ Denise Parisi                    January 8, 2019
　─────────────────────────────       ─────────────────
      DENISE PARISI                              DATE

*Denise Parisi, RPR, CRR*
*Official Court Reporter*