1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
                                        17-CV-2126(CBA)
CIT BANK, N.A.,
                                        United States Courthouse
         Plaintiff,                     Brooklyn, New York

         - versus -                     June 06, 2018
                                        11:00 a.m.
SHARON ZISMAN, BEREL ZISMAN,

         Defendants.
------------------------------x

         TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
            BEFORE THE HONORABLE CAROL B. AMON
                UNITED STATES DISTRICT JUDGE


APPEARANCES

Attorney for Plaintiff:   BRONSTER, LLP
                          156 West 56th Street
                          New York, New York 10019
                          BY:  SEAN KEVIN MONAHAN, ESQ.


Attorney for Defendant:   SUSLOVICH & KLEIN LLP
                          1507 Avenue M
                          Brooklyn, New York 11230
                          BY:  MARK M. HRANZ, ESQ.


Court Reporter:           RIVKA TEICH CSR, RPR, RMR, FCRR
                          Phone:  718-613-2268
                          Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

PROCEEDINGS

1           (In open court.)
2           THE COURTROOM DEPUTY: CIT Bank against Zisman,
3  17-CV-2126, on for oral argument.
4           THE COURT: The parties want to state their
5  appearances, please, first for the plaintiff.
6           MR. MONAHAN: Sean Monahan for the plaintiff, CIT
7  Bank.
8           THE COURT: Good morning.
9           MR. KRANZ: Mark Kranz, Suslovich & Klein LLP, for
10  the defendants Sharon Zisman and Berel Zisman.
11           THE COURT: Good morning, you can be seated.
12           I appreciate you being able to change your schedules
13  to be here earlier. You want to begin with your argument?
14           MR. KRANZ: Yes, your Honor. This is a motion
15  pursuant to Rule 12(b)(6) to dismiss the complaint on the
16  basis of res judicata.
17           THE COURT: By res judicata, you're referring to
18  claim preclusion; is that correct? Not issue preclusion.
19  You're not arguing collateral estoppel in your papers, you're
20  not arguing issue preclusion, you're arguing claim preclusion.
21  The case was brought before it was resolved, it can't be
22  brought again.
23           MR. KRANZ: Your Honor, yes, on that issue it was
24  already determined, that issue.
25           THE COURT: That issue. You haven't argued

1   collateral estoppel.

2       MR. KRANZ:  I don't know if I used the actual term

3   collateral estoppel here.  The issue here is there was a prior

4   action.

5       THE COURT:  I understand that there was a prior

6   action.  And claims were made that the plaintiff in that

7   action did not have standing.  And then there was a summary

8   judgment motion.  Then apparently the case was, I don't know

9   whether it was settled or whatever, but summary judgment

10  motion was granted without objection.  I understand what

11  happened.

12      But your papers refer to res judicata.  And that

13  term generally is involves, what we more normally refer to as

14  a claim preclusion.  In other words, once the case is brought

15  it's over, you can't rebring the same case.

16      Then there is that series of case law that says,

17  well, res judicata does not apply.  In other words, meaning

18  claim preclusion does not apply when the case was resolved on

19  standing grounds.

20      MR. KRANZ:  Your Honor, the issue that they raise in

21  opposition is that the actual prior case wasn't dismissed on

22  the merits.  So they are saying the res judicata doesn't apply

23  because it wasn't dismissed on the merits.  On the merits is

24  one the elements that is necessary for res judicata.

25      THE COURT:  Okay.

4

PROCEEDINGS

1          MR. KRANZ: But there is a lot of cases; in other
2  words, it's true that the prior action wasn't determined on
3  the merits as to the merits of the action itself, but as to
4  that particular issue of standing it was determined on the
5  merits. In other words the standing that they had --
6          THE COURT: But that's a different doctrine. That's
7  collateral estoppel. You don't argue any of the case law with
8  regard to collateral estoppel.
9          It says, the collateral estoppel prevents a party
10 from litigating a second time, an issue or fact of law that
11 has already been decided. That's issue preclusion, not claim
12 preclusion, and your papers suggest claim preclusion.
13         You don't argue collateral estoppel, I don't think
14 you refer to it anywhere in your papers. I don't know if
15 that's what you meant to argue.
16         MR. KRANZ: What I would like -- what I'm trying to
17 argue, it might not be as clear, and your Honor might be
18 correct, I'm not sure, what I'm trying to argue is that issue
19 has already been determined and unless it's cured in this new
20 action, they can't bring a second action. There has been a
21 determination by the state court as to that point.
22         THE COURT: Determination as to what?
23         MR. KRANZ: Determination under those facts, which
24 have not changed, the plaintiff does not have standing.
25         THE COURT: You're saying that the plaintiff in that

1  action is the same as the plaintiff here.

2           MR. KRANZ:  That's correct.

3           THE COURT:  And that it was determined that the

4  plaintiff there did not have standing, so that is collateral

5  estoppel.  You don't cite any of the case law for the

6  standards of collateral estoppel.

7           MR. KRANZ:  Okay, I might have misspoken in my

8  reference to the actual doctrine.  But they don't -- there is

9  no dispute from the defendant as to any of the arguments made

10 in my motion other than the fact that it wasn't on the merits

11 and then they could bring it again.

12          THE COURT:  It wasn't on the merits, that's because

13 of the way you argued it.  If it wasn't on the merits, if it

14 was on just on standing grounds, then the case law suggests

15 that look, a dismissal for lack of standing, is not a

16 dismissal but is entitled to the preclusive effect of res

17 judicata.  In other words, you can never bring the case again

18 because standing is something that can be cured.  And so

19 that's why the doctrine does not apply.

20          I think you seem to be saying something different

21 than what you said in the papers, which is that the Court

22 there determined that this entity did not have standing.  That

23 fact has been adjudicated and you can't adjudicate that fact

24 again, but that's collateral estoppel.

25          MR. KRANZ:  Okay, I might have misspoken, I

1  apologize to that.

2         Even on those facts, they are not saying anything
3  other than the fact, well, okay, so the Court made that
4  determination so now we're just going to bring it again.  The
5  complaint here doesn't talk about curing any defects.

6         THE COURT:  I don't know why it has to talk about
7  curing a defect.  It doesn't have to address the issue in that
8  way, but it would have to show why collateral estoppel doesn't
9  applicant apply.

10         MR. KRANZ:  The point I'm trying to make is the
11  defendant in their papers are saying, well, that was the
12  determination of the state court, but now we start a new
13  case --

14         THE COURT:  I don't think that's what they are
15  saying.  They are saying that you argued res judicata.  Res
16  judicata doesn't apply because the dismissal was on standing
17  grounds.  It doesn't give that opinion the effect of res
18  judicata because it was a standing issue.  That's all that
19  they said.  They are right about that.

20         The question is, I think you are arguing something
21  different.

22         Mr. Monahan, let's take the argument that should
23  have been made, which is that the standing issue that it was
24  the same person as before, same entity, that the Court
25  determined that there was no standing from that entity,

1   nothing has changed, that issue has been resolved, then there
2   is no standing here.
3           MR. MONAHAN:  I would say the issue that was
4   resolved in the prior action was did CIT have standing when
5   that action was commenced.
6           THE COURT:  They say whatever the other entity, FBA
7   or something, took the place of entity bank and IndyMac --
8           MR. KRANZ:  One West.
9           THE COURT:  One West.  And that you are One West,
10  and so along the line that you have standing.
11          MR. MONAHAN:  In a foreclosure action standing is
12  determined who has the note at the time of commencement.  In
13  the prior case IndyMac had been dissolved, the note
14  transferred to One West Bank approximately six weeks prior to
15  the commencement.  So IndyMac at that time did not have
16  standing; so therefore, that was dismissed.  However, standing
17  can be cured.  And now this action is being brought by the
18  party that is --
19          THE COURT:  There wasn't a challenge to the standing
20  of One West in that entity, in that action?
21          MR. MONAHAN:  No.  It goes by the named plaintiff at
22  the time of commencement.  So IndyMac was named as the
23  plaintiff in commencement of the state court action.  So
24  because of that, even though One West was the proper named
25  plaintiff, they couldn't step into the shoes and get standing

1  because the standing was already blown as soon as the
2  commencement was made.
3        Now, CIT is the plaintiff and they are the holder of
4  the note, they have the note at the time of commencement.  The
5  issue in the prior action was, did IndyMac have standing at
6  the commencement of the action.  They did.
7        The issue in this case is, does CIT have standing as
8  the holder of the note at the time of commencement of this
9  action, which is yes.
10       MR. KRANZ:  If I may, your Honor.  Counsel is
11 essentially arguing what I thought he would argue, the new
12 action cures the defect.  The prior court held they didn't
13 have standing, that's true.  But now they do have standing,
14 that's their new argument.
15       One of the basis for the summary judgment motion
16 below had nothing to do with this issue, who had the note at
17 the time of the commencement of the action.  One of the
18 grounds for summary judgment, and the actual motion is
19 attached to my papers, they never got it ever.
20       THE COURT:  Who never got it ever?
21       MR. KRANZ:  One West, never, ever got the note.
22 That was one of the grounds.
23       The motion was granted as to that point as well, the
24 entire motion was granted.
25       So they are saying we cured by starting a new

1  action, but they don't cure --

2             THE COURT:  Here is what I'm going to do.  I'm going
3  to deny your motion to dismiss on the grounds of claim
4  preclusion.  If you want to make a motion with regard to issue
5  preclusion, and explain how this already has been decided in
6  the prior action, then you can do that.  But your current
7  papers don't do that.  The grounds on which they move are not
8  supported.  So your this motion to dismiss is denied.

9             If you want to make another motion, you can.

10            MR. KRANZ:  Do I need to, if I want to make another
11 motion to dismiss, I do need to schedule a conference?

12            THE COURT:  No, you don't need to do that.  When can
13 you make the other motion?

14            MR. KRANZ:  Can the court give me 30 days?

15            THE COURT:  Can you make it by July 6?

16            MR. KRANZ:  Yes.

17            THE COURT:  Counsel, can you respond by July 27?

18            MR. KRANZ:  Yes.

19            THE COURT:  Any reply, August 3rd.  We'll put it on
20 for argument on August 10 at 11:00 o'clock.

21            MR. KRANZ:  Can we not do it on a Friday, is that
22 possible, your Honor, in the summer?

23            THE COURT:  What is the problem with Friday.

24            MR. KRANZ:  Sometimes I go away for the weekend,
25 it's hard for me.  If it's possible.

PROCEEDINGS

1        THE COURT:  August 9 at 2:00.

2        MR. KRANZ:  Thank you so much.

3        (Whereupon, the matter was concluded.)

4                *    *    *    *    *

5   I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
6

7   Rivka Teich, CSR RPR RMR FCRR
    Official Court Reporter
8   Eastern District of New York

Rivka Teich CSR, RPR, RMR, FCRR
Official Court Reporter