| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| CIT BANK, N.A.,<br><br>          Plaintiff,<br><br>vs.<br><br>SHARON ZISMAN, BEREL ZISMAN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>          Defendants. | Case No.: 1:17-cv-02126-CBA |

**PLAINTIFF'S MEMORANDUM OF LAW
IN REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

        BRONSTER, LLP
        Attorneys for Plaintiff
        156 West 56th Street
        New York, New York 10019
        (347) 246-4888

**Table of Contents**

ARGUMENT ........................................................................................................................... 1

    I.    Principals of Statutory Interpretation Mandate that the Attorney's Fees Request must be brought by an Action by the Mortgagor against the Mortgagee or as a Counterclaim in an action by the Mortgagee against the Mortgagor. ...................................................................... 1

    II.    FRCP 54 does not Preempt RPL §282's Counterclaim Requirement because doing so would violate the Rules Enabling Act ................................................................................. 3

    III.    Defendants do not Oppose Plaintiff's Request for a Stay Pending Appeal Pursuant to FRAP 8 ........................................................................................................................... 8

CONCLUSION ..................................................................................................................... 9

# Table of Authorities

**Cases**
Bensen v. Am. Ultramar Ltd., 1997 WL 317343 (S.D.N.Y. June 12, 1997) .................................. 4
Burlington N. R. Co. v. Woods, 480 U.S. 1, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987) ...................... 4
Caracaus v. Conifer Cent. Square Assocs., 158 A.D.3d 63, 68 N.Y.S.3d 225 (4th Dept 2017) ..... 3
Delgado v. Ocwen Loan Servicing, LLC, No. 13CV4427NGGST, 2017 WL 5201079 (E.D.N.Y. Nov. 9, 2017) ............................................................................................................................ 5, 6
Douglas v. NCNB Texas Nat. Bank, 979 F.2d 1128 (5th Cir. 1992) .............................................. 8
Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) .................................. 5
Godin v. Schencks, 629 F.3d 79 (1st Cir. 2010) ............................................................................. 6
Greene v. Gerber Prod. Co., 262 F. Supp. 3d 38 (E.D.N.Y. 2017) ............................................ 5, 6
Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965) ..................................... 3, 4
In re Digital Music Antitrust Litig., 812 F. Supp. 2d 390 (S.D.N.Y. 2011) ................................... 6
In re Wellbutrin XL Antitrust Litig., 756 F.Supp.2d 670 (E.D.Pa.2010) ....................................... 6
James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207 (10th Cir. 2011) ............................ 6
Leonard v. Abbott Labs., Inc., No. 10-CV-4676 ADS WDW, 2012 WL 764199 (E.D.N.Y. Mar. 5, 2012) .................................................................................................................................... 5, 6
Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) ................................ 6
O'Connell v. 1205-15 First Ave. Assocs., LLC, 28 A.D.3d 233, 813 N.Y.S.2d 378 (1st Dept 2006) ............................................................................................................................................ 2
Retained Realty, Inc. v. McCabe, 376 Fed.Appx. 52 (2d Cir. 2010) .............................................. 6
RLS Assocs., LLC v. United Bank of Kuwait PLC, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) ........... 4
Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010) ................................................................................................................ 5, 6, 7
United States v. Anderson, 15 F.3d 278 (2d Cir. 1994) .................................................................. 2
United States v. Kozeny, 541 F.3d 166 (2d Cir. 2008) ................................................................... 2
United States v. Nordic Vill., Inc., 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) ........... 2

**Statutes**
28 U.S.C. §2072 ........................................................................................................................... 4, 7
RPL §282 ........................................................................................................................................ 1

Plaintiff CIT Bank, N.A. ("Plaintiff") respectfully submits this memorandum of law in reply to the opposition filed by defendants Sharon Zisman and Berel Zisman ("Defendants") and in further support of a motion for reconsideration of the Court's April 8, 2020 decision and order awarding Defendants attorney's fees.

**ARGUMENT**

I. **Principals of Statutory Interpretation Mandate that the Attorney's Fees Request must be brought by an Action by the Mortgagor against the Mortgagee or as a Counterclaim in an action by the Mortgagee against the Mortgagor.**

Defendants allege that despite the language of RPL §282 expressly stating that "such fees and expenses may be recovered as provided by law in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor" the request for attorney's fees does not need to be made by either an action by the mortgagor against the mortgagee or as a counterclaim in an action by a mortgagee against a mortgagor, but can instead be brought in other ways, including requesting attorney's fees for the first time in a motion for summary judgment. Defendants' position goes against all tenants of statutory interpretation and is not supported by any of the cases cited in their opposition.

There is a dearth of caselaw regarding how the request for attorney's fees pursuant to RPL §282 must be made. Because no court has issued guidance, this court must rely on the tenants of statutory interpretation. Upon doing so it is clear that the only way to make a request for attorney's fees is as a counterclaim by the mortgagor, or by a suit by the mortgagor against the mortgagee.

Statutory construction "must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative

1

purpose." United States v. Kozeny, 541 F.3d 166, 171 (2d Cir. 2008)(internal quotation marks omitted). Where the statute's language is "plain, 'the sole function of the courts is to enforce it according to its terms.' Id. "Statutory enactments should, moreover, be read so as "to give effect, if possible, to every clause and word of a statute." Id. see also United States v. Nordic Vill., Inc., 503 U.S. 30, 36, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)(noting "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect") Courts will "avoid statutory interpretations that render provisions superfluous." United States v. Anderson, 15 F.3d 278, 283 (2d Cir. 1994).

Here, the New York State Legislature chose to include the language that the fees "may be recovered as provided by law in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor." Using statutory interpretation, these words must be construed to have an operative effect and are not superfluous. The only way to do so is to conclude that the legislature intended that there are only two ways to collect attorney's fees on the basis of RPL §282, either through an action by the mortgagor against the mortgagee, or as a counterclaim in an action by the mortgagee against the mortgagor. Defendants' contention that they could request attorney's fees for the first time in their motion for summary judgment without having filed a counterclaim for attorney's fees would make this portion of the statute superfluous and inoperative. Accordingly, the Court must conclude that in this action the request must have been made by counterclaim.

The cases Defendants cite in their opposition in no way support their contention that a request for attorney's fees can be made for the first time in a summary judgment motion and are not relevant to the question before the court this case. Both O'Connell v. 1205-15 First Ave. Assocs., LLC, 28 A.D.3d 233, 813 N.Y.S.2d 378 (1st Dept 2006) and Caracaus v. Conifer Cent.

Square Assocs., 158 A.D.3d 63, 68 N.Y.S.3d 225 (4th Dept 2017) concern a tenant who after successfully defending an eviction action commenced a new action against their landlord for attorney's fees. In both cases the issue before the court was whether the restriction against claim splitting prohibited the tenant from bringing a separate suit for attorney's fees after not counterclaiming for them in the first action. The First and Fourth Departments split on whether it did. Those holdings have no relevance to our case because this is not a subsequent action by the mortgagor against the mortgagee to recover attorney's fees, and claim splitting is not at issue in this case. The issue in this case is whether in an action by the mortgagee against the mortgagor the mortgagor must counterclaim for attorney's fees in order to recover in that case. Whether Defendants could bring a separate action for attorney's fees after the resolution of this action is irrelevant. All that matters here is that they didn't make their request for attorney's fees pursuant to RPL §282 by way of counterclaim as the statute expressly requires.

Accordingly, upon reconsideration, the Court should deny Defendants request for attorney's fees because they failed to bring it by way of counterclaim.

## II. FRCP 54 does not Preempt RPL §282's Counterclaim Requirement because doing so would violate the Rules Enabling Act

Defendants contend that the counterclaim requirement in RPL §282 is preempted by FRCP 54 which does not require a request for attorney's fees to be made as a counterclaim. Defendants are incorrect because RPL §282 is a substantive state law and the counterclaim requirement is interwoven with the substantial right to attorney's fees created by RPL §282. Therefore, preempting RPL §282 with FRCP 54 would violate the Rules Enabling Act.

Federal courts sitting in diversity "apply state substantive law and federal procedural law. Hanna v. Plumer, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141, 14 L. Ed. 2d 8 (1965). When a state

3

law is in conflict with a Federal Rule of Civil Procedure, the Federal Rule applies unless it violates the Rules Enabling Act, 28 U.S.C. §2072. See Hanna, 380 U.S. 460; Burlington N. R. Co. v. Woods, 480 U.S. 1, 5, 107 S. Ct. 967, 969, 94 L. Ed. 2d 1 (1987). The Rules Enabling Act provides that the "general rules of practice and procedure… shall not abridge, enlarge or modify any substantive right" 28 U.S.C. §2072.

Attorney's fees are considered substantive and are determined by state law in diversity cases. RLS Assocs., LLC v. United Bank of Kuwait PLC, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006); Bensen v. Am. Ultramar Ltd., 1997 WL 317343, at *13 (S.D.N.Y. June 12, 1997). Defendants appear to concede this but argue that only the determination of whether a party is entitled to attorney's fees is substantive and follows that law of the state, whereas the procedure for requesting an award is governed by federal law. In support of this position Defendants cite to a single, non-binding case from the 9th Circuit. In doing so, Defendants have failed to conduct the necessary analysis under the Rules Enabling Act to determine whether RPL §282 or FRCP 54 determines how to make the request for fees that are available pursuant to RPL §282.

The main issue here is whether the counterclaim requirement of RPL §282 is procedural, and therefore subject to preemption by FRCP 54, despite it being uncontested that state law applies to the determination of whether attorney's fees should be granted and the statute expressly requires the request to be made by way counterclaim. The Court should find that the counterclaim requirement is so interwoven with the right to attorney's fees created by RPL §282 that the court must follow state law, and upon reconsideration deny Defendant's request for attorney's fees because it was not brought by way of counterclaim.

No court has analyzed this issue in respect to RPL §282, but the Supreme Court did conduct an analysis of the relationship between a state law and a federal rule of civil procedure

305045.129

in Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010). Justice Scalia wrote the opinion that held that the federal rule applied. However, the fifth and deciding vote, Justice Stevens, only concurred in judgment, not in the reasoning provided by Justice Scalia. Justice Scalia reasoned that the only question is whether the federal rule is procedural or substantive, not the state law. Since that reasoning was only backed by 4 justices, that reasoning is not precedent. Justice Ginsburg dissented joined by 3 justices contending that the state law applied because there was not an actual conflict between the state law and the federal rule, and pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the state law was substantive because "statutes qualify as substantive for Erie purposes even when they have procedural thrusts as well." Shady Grove, 559 U.S. at 455. Justice Stevens's concurrence agreed with Justice Ginsburg's dissent that if a procedural rule is "sufficiently interwoven with the scope of a substantive right or remedy, there would be an Enabling Act problem, and the federal rule would have to give way." Id. at 429. Justice Stevens however believed that the New York law at issue in that case was entirely procedural, so he joined Scalia in judgment only.

The majority of district courts that have analyzed Shady Grove have concluded that Justice Stevens' concurrence is the controlling opinion, including multiple courts in this district. See Greene v. Gerber Prod. Co., 262 F. Supp. 3d 38 (E.D.N.Y. 2017); Delgado v. Ocwen Loan Servicing, LLC, No. 13CV4427NGGST, 2017 WL 5201079 (E.D.N.Y. Nov. 9, 2017); Leonard v. Abbott Labs., Inc., No. 10-CV-4676 ADS WDW, 2012 WL 764199 (E.D.N.Y. Mar. 5, 2012). This is for two reasons. First, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest

grounds." Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Here, Stevens's opinion was on narrower grounds than Scalia's so it is the controlling opinion. Greene, 262 F. Supp. 3d at 60. Second, Justice Stevens's test to determine whether the federal rule must give way to the state law was "consistent with the approach of the 4 members of the dissent." Leonard, 2012 WL 764199 at *12; see also Delgado, 2017 WL 5201079 at *10; In re Digital Music Antitrust Litig., 812 F. Supp. 2d 390, 415 (S.D.N.Y. 2011); In re Wellbutrin XL Antitrust Litig., 756 F.Supp.2d 670, 675 (E.D.Pa.2010). At the circuit court level, the Second Circuit has not addressed whether Justice Stevens' opinion controls, but the First and Tenth Circuits have, and both held that the Stevens opinion is the controlling opinion. Greene, 262 F. Supp. 3d at 60 (citing Retained Realty, Inc. v. McCabe, 376 Fed.Appx. 52, 55 (2d Cir. 2010); James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1217 (10th Cir. 2011)("Justice Stevens concurred, and the Tenth Circuit has understood his concurrence to be the controlling opinion in Shady Grove."); Godin v. Schencks, 629 F.3d 79, 84 (1st Cir. 2010)(relying on Justice Stevens' concurrence to hold that a state statute was "so intertwined with a state right or remedy" that it could not be displaced by a Federal Rule of Civil Procedure)). This Court should join the majority of the country, and this district, and apply the test in Justice Stevens' opinion.

While Justice Stevens found that Rule 23 did take precedence in Shady Grove he did so because he believed the New York law was procedural not substantive. The test he outlined to determine whether a federal rule violates the Enabling Act acknowledged that a deep analysis of substantive versus procedural is required. "The line between procedural and substantive law is hazy," Shady Grove, 559 U.S. at 419. "Matters of procedure and matters of substance are not mutually exclusive categories with easily ascertainable contents" Id. A state procedural rule, though undeniably procedural in the ordinary sense of the term, may exist to influence

305045.129

substantive outcomes, and may in some instances become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy." Id. at 419-20 (internal citations and quotation marks omitted). "When a federal rule appears to abridge, enlarge, or modify a substantive right, federal courts must consider whether the rule can reasonably be interpreted to avoid that impermissible result." Id. at 422-23. "A federal rule, therefore, cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right. And absent a governing federal rule, a federal court must engage in the traditional Rules of Decision Act inquiry, under the Erie line of cases." Id. at 423-24. "[I]f a federal rule displaces a state rule that is procedural in the ordinary sense of the term, but sufficiently interwoven with the scope of a substantive right or remedy, there would be an Enabling Act problem, and the federal rule would have to give way. Id. at 419-20 (internal citations and quotation marks omitted).

Here, the requirement of RPL §282, that the fees request be made by counterclaim in a foreclosure action, is undoubtedly "interwoven with the scope of a substantive right or remedy." The ability of a mortgagor to collect attorneys fees for successfully defending a foreclosure action exists solely due to RPL §282. There is no federal law or rule that would allow Defendants to be awarded attorney's fees in this action. Accordingly, New York has created a "substantive right" that pursuant to the Enabling Act "shall not [be] abridge[d], enlarge[ed] or modif[ied]" by a federal rule. 28 U.S.C. §2072. Here, as discussed in the prior section, the New York legislature has clearly premised the ability to collect attorney's fees for successfully defending a foreclosure action on bringing the request as a counterclaim. To allow FRCP 54 to remove this requirement would enlarge the mortgagor's substantive rights and therefore violate

the Rules Enabling Act. See Douglas v. NCNB Texas Nat. Bank, 979 F.2d 1128, 1130 (5th Cir. 1992). Defendants seek to have it both ways, whereby RPL §282 is substantive when it benefits them by allowing them to be awarded attorney's fees for successfully defending a foreclosure action, but procedural when it does not benefit them because they did not make their request by way of counterclaim. This court should seek consistency and hold that the entire law is substantive and applies to this action.

Accordingly, upon reconsideration, the Court should deny Defendants' request for attorney's fees because it was not made by way of counterclaim.

### III. Defendants do not Oppose Plaintiff's Request for a Stay Pending Appeal Pursuant to FRAP 8

Defendants' opposition does not oppose Plaintiff's stay pending appeal pursuant to FRAP 8, but instead discusses FRCP 62's bond requirement which is not applicable in this case. Accordingly, should the Court deny Plaintiff's motion for reconsideration, in the alternative it should grant a stay of the attorney's fee award pending a resolution of Plaintiff's appeal.

Defendants opposition states that FRCP 62(d) requires a bond to be posted in order to stay enforcement of a money judgment pending appeal. That section is inapplicable in this case because a money judgment has not been entered and therefore enforcement of a nonexistent money judgment does not need to be stayed. Plaintiff is requesting that the judgment awarding attorney's fees be stayed pending appeal, but the judgment does not contain the amount of the award and therefore is not a money judgment. The judgment instead directs Defendants to submit a motion pursuant to Rule 54 documenting the amount of attorney's fees. Accordingly, FRCP 62(d) does not apply.

Defendant does not object to any of Plaintiff's motion in regards to a stay pending appeal pursuant to FRAP 8. Accordingly, Plaintiff's motion for a stay pending appeal should be submitted as unopposed and granted if the court denies Plaintiff's motion for reconsideration.

## CONCLUSION

Accordingly, for the reasons stated above Plaintiff's motion for reconsideration or in the alternative for a stay pending appeal should be granted.

Dated: May 14, 2020
      New York, New York

Respectfully submitted,

BRONSTER, LLP
Attorneys for Plaintiff

By:    /s Sean K. Monahan
      Sean K. Monahan, Esq.
      156 West 56th Street
      New York, New York 10019
      (347) 246-4888