```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
CIT BANK, N.A.,                              Docket No. 17-cv-2126
                                             (CBA)(RER)
                        Plaintiff,
        -against-                            AMENDED ANSWER AND
                                             COUNTERCLAIMS
SHARON ZISMAN, BEREL ZISMAN, NEW YORK
CITY DEPARTMENT OF FINANCE, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,
                        Defendants.
----------------------------------------x
```

Defendants, Sharon Zisman and Berel Zisman, by their attorneys, Suslovich & Klein LLP appearing herein as of-counsel to the Law Office of Eli Fixler, answers the complaint as follows:

1. Defendants neither admit nor deny the allegations contained in paragraph 1 of the complaint because they do not appear to contain factual allegations that can be admitted or denied but, rather, contain statements as to the nature of the action but to the extent that it may be deemed to contain allegations, deny those allegations.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 10 and 11 of the complaint.

3.  Defendants deny the allegations contained in paragraphs 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, 19, 20, 21, 22, 23, 28, 29, 30, 31, 32, 33, 35, and 38 of the complaint.

4.  Defendants deny the allegations contained in paragraph 4 of the complaint except admit that the Defendants are natural persons and the owners of the Property.

5.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 16, 17, 18, 24, 25, 26, and 27 of the complaint, except that to the extent the documents referred to in said paragraphs exist, and were properly executed and/or recorded, and are otherwise valid and binding, the documents speak for themselves and all questions of law concerning said documents are respectfully referred to the court.

6. Defendants neither admit nor deny the allegations contained in paragraph 34 of the complaint because it does not appear to contain factual allegations that can be admitted or denied but, rather, contains a declaration of election but to the extent that they may be deemed to contain allegations, deny those allegations.

7. Defendants neither admit nor deny the allegations contained in paragraph 36, 37, 39, 40, 41, and 42 of the complaint because it does not appear to contain factual allegations that can be admitted or denied but, rather, contains a request of the Court but to the extent that they may be deemed to contain allegations, deny those allegations.

**FIRST AFFIRMATIVE DEFENSE**

8. Plaintiff lacks the requisite standing and/or capacity to maintain the instant action.

**SECOND AFFIRMATIVE DEFENSE**

9. Plaintiff is not the lawful owner and holder of the note and mortgage.

### THIRD AFFIRMATIVE DEFENSE

10. The complaint in this action is barred by the doctrine of collateral estoppel and res judicata.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff failed to serve a notice of default on answering Defendants in the manner required by the mortgage, loan documents, and/or applicable law.

12. By reason of Plaintiff's failure to satisfy this condition precedent, this action is barred and must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

13. The Plaintiff failed to provide answering Defendants with the requisite cure period for the alleged default as required by the mortgage and/or applicable law.

14. By reason of the foregoing, this action may not be maintained by the Plaintiff and must be dismissed.

### SIXTH AFFIRMATIVE DEFENSE

15. The Plaintiff breached the terms of the mortgage by failing to provide answering Defendants with a statement as to the unpaid principal balance, the maturity date, interest rate and stating whether there were any alleged defaults as required by the mortgage.

16. By reason of the foregoing, this action may not be maintained and must be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

17. The causes of action set forth in the complaint are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff's causes of action are barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

19. Plaintiff failed to comply with all the statutory prerequisites prior to commencing the instant action for foreclosure.

**TENTH AFFIRMATIVE DEFENSE**

20. The causes of action asserted in the complaint are barred by the doctrine of waiver and estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

21. The assignment executed by MERS to the Plaintiff is insufficient to transfer the note. The assignment on its face purports to assign only the mortgage but not the note. The assignment of a mortgage without the note is a nullity and does not confer on the assignee the right to foreclose.

**TWELFTH AFFIRMATIVE DEFENSE**

22. MERS only held the mortgage as nominee and lacked authority to assign to Plaintiff as a matter of law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

23. This Court lacks subject matter jurisdiction in this action as there is no diversity of citizenship.

**FOURTEENTH AFFIRMATIVE DEFENSE**

24. Plaintiff has failed to state a claim upon which relief can be granted.

**FIFTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM**

25. Plaintiff and/or its predecessors have commenced and prosecuted a foreclosure action to foreclose upon the same note and mortgage in the Supreme Court of the State of New York.

26. Said prior action was commenced on April 30, 2009 and was dismissed by summary judgment on May 16, 2016.

27. The Plaintiff and/or its predecessors commenced said prior action knowing that it did not have standing to do so.

28. The Plaintiff and/or its predecessors prosecuted and continued to maintain said action long after it learned and had unequivocal knowledge that it did not have standing to maintain said action.

29. By reason of the above, the answering Defendants are entitled to damages in an amount to be determined at the time of trial for the Plaintiff's wrongful commencement and continued prosecution of the prior action against the answering Defendants.

30. By reason of the above, any mortgage interest which it is alleged to have accrued during that timeframe (April 30, 2009 to May 16, 2016), shall be

setoff and reduced from any amount which it may be determined is due under the note/mortgage.

### SECOND COUNTERCLAIM

31. Should the Defendants prevail in this action, Defendants are entitled to recover, pursuant to New York Real Property Law §282, the attorney's fees and expenses incurred in defending the complaint and prosecuting the counterclaims asserted in this action.

~~30.~~32. Therefore, it is requested that a judgment be granted to the Defendants awarding to them both their attorney's fees and expenses.

**WHEREFORE,** it is respectfully requested that the Court dismiss the complaint against the answering Defendants and grant to them attorney's fees, expenses, and damages on their counterclaims together with granting such other and further relief as it may deem just, proper, and equitable.

Dated: ~~September 7, 2018~~ May 20, 2020

- 9 -

```
                              SUSLOVICH & KLEIN LLP
                              Of Counsel to
                              Law Office of Eli Fixler
                              Attorneys for Defendants,
                              Berel Zisman and Sharon Zisman
                              1507 Avenue M
                              Brooklyn, New York 11230
                              Phone: (718) 382-5700
                              Email: Mark@suslovichklein.com

                         By: *Mark M. Kranz*
                              Mark M. Kranz (MK 7739)




VIA ECF To:

WINDELS MARX LANE & MITTENDORS, LLP
Attention: Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
Phone: (212) 237-1000
```

- 10 -