```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x
CIT BANK, N.A.,                                    Docket No. 17-cv-2126
                                                   (CBA)(RER)
                              Plaintiff,
       -against-                                   MEMORANDUM OF LAW
                                                   IN REPLY AND IN
SHARON ZISMAN, BEREL ZISMAN, NEW YORK              **FURTHER SUPPORT OF**
CITY DEPARTMENT OF FINANCE, NEW YORK               **CROSS-MOTION TO AMEND**
CITY ENVIRONMENTAL CONTROL BOARD,
                              Defendants.
-----------------------------------------x
```

Defendants, Sharon Zisman and Berel Zisman (the "Defendants"), by their attorneys, Suslovich & Klein LLP, appearing herein as of-counsel to the Law Office of Eli Fixler, respectfully submit this memorandum of law in reply and in further support of Defendants' cross-motion for alternative relief, should the Court grant Plaintiff's motion to reargue the granting of Defendants' attorney's fees based upon a pleading deficiency, for leave, pursuant to FRCP Rule 15(a)(2), to cure the pleading deficiency by amending their answer to assert a counterclaim for attorney's fees pursuant to New York Real Property Law §282.

Plaintiff opposes Defendants' motion to amend on three grounds.

First, Plaintiff argues that a motion to amend after summary judgment is, according to the Second Circuit, to be determined under under Rule 15(b) (as opposed to Rule 15(a)). Further, Plaintiff argues, under Rule 15(b) a motion to amend after summary judgment can only be considered if the parties consented to the issue being litigated and the Plaitiff never consented to litigage the issue of attorney's fees.

The response to this argument is two-fold. First, Defendants' attorney's fees is ancillary and not central to the claims in this action and would not need to be argued either on summary judgment or at trial. Indeed, attorney's fees are usually granted by way of a Rule 54(d) motion made after summary judgment or after trial (which motion the Defendants made and Plaintiff opposed). Therefore, whether or not the claim to attorney's fees was formally litigated within the summary judgment motion should not impact on whether Defendants' pleading can be amended to include a claim for attorney's fees.

Second, the consent requirement to litigate an unpled issue is satisfied if the issue was actually introduced and

argued. As stated in Luria Bros. & Co. v. All. Assur. Co., 780 F.2d 1082, 1089 (2d Cir. 1986), one of the cases cited by Plaintiff's attorney, "whether the parties have implicitly consented to the trial of an issue not presented by the pleadings depends on whether they recognized that the issue had entered the case at trial." See also 6A Fed. Prac. & Proc. Civ. (Wright & Miller)(3d ed.) ("A party who knowingly acquiesces in the introduction of evidence relating to issues that are beyond the pleadings is in no position to contest a motion to conform.")

Here, the issue of Defendants' attorney's fees was litigated in Plaintiff's motion and Defendants' cross-motion. In fact, in the Court's Memdorandum and Order (docket entry 61 at the top of page 14) the Court specifically addressed the arguments made by the parties in connection with recovering attorney's fees stating that "CIT offers no other counterargument to the Zisman's claim for attorneys' fees in this action except their errornious prediction that the Zismans should not be awarded attorneys' fees because they will not prevail in this action.". Further, the Defendants

subsequently made a Rule 54(d) motion to recover attorney's fees which the Plaintiff opposed.

Therefore, since the issue of Defendants' attorney's fees was introduced and litigated (as noted by the Court in its Memordandum and Order) and then again litigated in Defendants' Rule 54(d) motion, Plaintiff implicitly consented to litigating the issue so that there is no prejudice to amending the Defendants' pleading to assert a counterclaim for attorney's fees.

Second, the Plaintiff argues that this cross-motion is impermissibly being made to avoid an adverse ruling. In support of this, Plaintiff cites to numerous cases which provide that the court may deny a motion to amend when it seeks to raise new claims in an attempt to revive an otherwise lost case by asserting new legal theories.

But, that is not the situation in our case at all. Here, the Court has already granted the Defendants' attorney's fees and it is the Plaintiff who has now moved to reargue the portion of the Court's order which granted attorney's fees. This cross-motion only seeks to cure the pleading deficiency

should the Court determine on reargument that there is a pleading deficiency. In other words, this is not a situation where the Defendants are at the last minute seeking to amend to assert new theories to revive an otherwise lost case. Here, the Court already granted the motion. It is the Plaintiff who is asserting that the Court made an error. Therefore, only to the extent the Court on reargument determines that there is a pleading deficiency (which Defendants claim there is not) does this cross-motion seek to cure it.

Finally, Plaintiff argues that Defendants are not entitled to amend their answer/counterclaim because it is premature and would first require that the judgment be vacated which the Defendants have not done.

As set forth in Defendants' moving papers, since this motion is only seeking alternate relief, if the Court grants the Plaintiff's motion to reargue, then the granting of Plaintiff's motion to reargue will effectively have vacated that portion of the judgment. Therefore, it is not necessary for the Defendants to separately seek to vacate the judgment.

WHEREFORE, it is respectfully requested that if the Court grants Plaintiff's motion to reargue the granting of Defendants' attorney's fees based upon a pleading deficiency, that the Court grant to the Defendants leave, pursuant to FRCP §15(a), to cure the pleading deficiency by amending their answer and counterclaim to assert an additional counterclaim to recover attorney's fees and expenses, together with granting to the Defendants such other and further relief as this Court deems just, proper, and equitable.

Dated: June 17, 2020

                                        SUSLOVICH & KLEIN LLP,
                                        Of Counsel to the
                                        Law Office of Eli Fixler
                                        Attorneys for Defendants, Berel Zisman and Sharon Zisman
                                        1507 Avenue M
                                        Brooklyn, New York 11230
                                        Phone: (718) 382-5700
                                        Email: Mark@suslovichklein.com

                                        By: *Mark M. Kranz*
                                        Mark M. Kranz (MK 7739)