| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| CIT BANK, N.A.,<br><br>        Plaintiff,<br><br>vs.<br><br>SHARON ZISMAN, BEREL ZISMAN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>        Defendants. | Case No.: 1:17-cv-02126-CBA |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND**

        BRONSTER, LLP
        Attorneys for Plaintiff
        156 West 56th Street
        New York, New York 10019
        (347) 246-4888

## Table of Contents

I. ARGUMENT ........................................................................................................................... 1

    a. Rule 15(b) is the Appropriate Rule, However Defendants' Motion should be Denied under either Rule 15(a) or Rule 15(b) ................................................................................................. 1

        i. Defendants Motion Should be Denied under Rule 15(b) because Plaintiff did not Consent to Try the Issue. ......................................................................................................... 2

        ii. Defendants' Motion Should be Denied Under Rule 15(a). ......................................... 3

            1. Defendants' Motion to Amend Should be Denied because it is being made Solely to avoid an Adverse Ruling on Plaintiff's Motion for Reconsideration ................................ 4

            2. Defendants Failed to Move to Vacate or Set Aside the Judgment ............................... 7

II. CONCLUSION ...................................................................................................................... 9

# Table of Authorities

Cases

Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36 (2d Cir. 2012) .............................. 8
Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442 (2d Cir. 1985) ................................ 5
Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394 (S.D.N.Y. 2000) ............................................ 6
Berman v. Parco, 986 F. Supp. 195 (S.D.N.Y. 1997) .................................................................. 6
Billy Baxter, Inc. v. Coca-Cola Co., 47 F.R.D. 345 (S.D.N.Y.1969), aff'd, 431 F.2d 183 (2d Cir. 1970), cert. denied, 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 826 (1971) .................................... 6
Bymoen v. Herzog, Heine, Geduld, Inc., No. 88 CIV. 1796 (KMW), 1991 WL 95387 (S.D.N.Y. May 28, 1991) ............................................................................................................................. 6
CL-Alexanders Laing & Cruickshank v. Goldfeld, 739 F. Supp. 158 (S.D.N.Y. 1990) ............... 6
Clarke v. United States, No. 13CV3080WFKMDG, 2016 WL 4573976 (E.D.N.Y. Aug. 31, 2016) ........................................................................................................................................... 8
Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993) ...................................................................... 2
Dellefave v. Access Temporaries, Inc., No. 99 CIV. 6098 RWS, 2001 WL 25745 (S.D.N.Y. Jan. 10, 2001) ..................................................................................................................................... 6
Dish Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452 (E.D.N.Y. 2012) ...................... 5
Dorsey v. Aetna Life Ins. Co., No. 12 CV 90 (RGD), 2013 WL 1288165 (E.D. Va. Mar. 26, 2013) ........................................................................................................................................... 3
Franconero v. Universal Music Corp., No. 02 CIV.1963(BSJ), 2011 WL 566794 (S.D.N.Y. Feb. 11, 2011), aff'd sub nom. Franconero v. UMG Recordings, Inc., 542 F. App'x 14 (2d Cir. 2013) ........................................................................................................................................... 5
Janese v. Fay, 692 F.3d 221 (2d Cir. 2012) ................................................................................. 8
Luria Bros. & Co. v. All. Assur. Co., 780 F.2d 1082 (2d Cir. 1986) ........................................... 3
M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205 (E.D.N.Y. 2010) ...................... 2
Mahar v. U.S. Xpress Enterprises, Inc., 688 F. Supp. 2d 95 (N.D.N.Y. 2010) ............................ 6
Myers v. Moore, 326 F.R.D. 50 (S.D.N.Y. 2018) ............................................................... 1, 2, 3
Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240 (2d Cir. 1991) ....................... 8
Posey v. NJR Clean Energy Ventures Corp., No. 14 CV 6833 (FLW) (TJB), 2015 WL 6561236 (D.N.J. Oct. 29, 2015) ................................................................................................................. 3
Reisner v. General Motors Corp., 511 F.Supp. 1167 (S.D.N.Y.1981), aff'd, 671 F.2d 91 (2d Cir.), cert. denied, 459 U.S. 858 (1982) ...................................................................................... 6
Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey, 894 F. Supp. 2d 288 (S.D.N.Y. 2012), as amended (Sept. 19, 2012) ........................................................................... 2
Roorda v. Am. Oil Co., 446 F. Supp. 939 (W.D.N.Y. 1978) ....................................................... 6
Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008) ..................................................... 8, 9
Smith v. Hogan, 794 F.3d 249 (2d Cir. 2015) .............................................................................. 8
State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843 (2d Cir. 1981) .......................................... 5
State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409 (2d Cir. 1990) ......... 5
Thompson v. New York City Transit Auth., No. 95-CV-4934 (ILG), 1999 WL 167710 (E.D.N.Y. Feb. 19, 1999), aff'd, 205 F.3d 1325 (2d Cir. 1999) .................................................... 5

Rules
FRCP 15 ............................................................................................................................... 1, 2, 4

Plaintiff CIT Bank, N.A. ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' motion to amend their Answer to add a counterclaim for attorney's fees. The Court should apply Rule 15(b) and deny the motion because Plaintiff did not consent to try the attorney's fees issue as is required by Rule 15(b). In the alternative, should the Court apply Rule 15(a) the motion should be denied because it is being made solely to avoid an adverse ruling on Plaintiff's motion for reconsideration, and should this motion be decided after Plaintiff's motion for reconsideration, it failed to request leave to vacate the judgment.

At the outset it must be noted that Defendants incorrectly claim that Plaintiff does not dispute that on substantive grounds the Defendants are entitled to recover attorney's fees but instead argues on a technical procedural ground. As discussed in Plaintiff's motion for reconsideration, the requirement that the request be brought by way of counterclaim is not a "technical procedural ground" but is in fact a substantive requirement of RPL §282.

## I. ARGUMENT

### a. Rule 15(b) is the Appropriate Rule, However Defendants' Motion should be Denied under either Rule 15(a) or Rule 15(b)

In its May 1, 2020 order, the Court directed the parties to address whether the motion is properly considered under Rule 15(a) or Rule 15(b). Rule 15(b) is the proper rule, however there is a circuit split on this issue and the Court should deny Defendants' motion under either rule 15(a) or Rule 15(b).

Rule 15(a) sets forth the rules for amendments before trial. Rule 15(b) sets forth the rules for amendments during and after trial. Although Rule 15(b) refers to "trial," the circuits have split as to whether Rule 15(b) applies at summary judgment. Myers v. Moore, 326 F.R.D. 50, 61, fn.7 (S.D.N.Y. 2018); The 2nd Circuit applies Rule 15(b) after a decision on a motion for summary

judgment. Myers, 326 F.R.D. at 61; see also Clomon v. Jackson, 988 F.2d 1314, 1323 (2d Cir. 1993); Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey, 894 F. Supp. 2d 288, 336 (S.D.N.Y. 2012), as amended (Sept. 19, 2012); M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 214 (E.D.N.Y. 2010). Accordingly, Rule 15(b) is the appropriate rule to apply, however, Defendant's motion should be denied under either Rule 15(a) or 15(b).

        **i.    Defendants Motion Should be Denied under Rule 15(b) because Plaintiff did not Consent to Try the Issue.**

Defendant's motion should be denied pursuant to Rule 15(b) because Plaintiff did not consent to try the unpled issue of Defendants' request for attorney's fees as is required by the Rule.

At the outset, it must be noted that Defendants did not provide any argument as to why the court should grant their motion if the Court determines that Rule 15(b) is the proper rule to proceed under. Defendants simply stated "should the Court determine that the applicable rule is FRCP Rule 15(b), and not FRCP Rule 15(a), it is respectfully requested that this motion be deemed seeking relief under that portion of the statute." Accordingly, should the Court determine Rule 15(b) is proper, Defendants motion should be denied for failing to provide any support for granting the motion pursuant to Rule 15(b).

Notwithstanding, Defendants' motion should be denied based on the merits of Rule 15(b). Rule 15(b)(1) provides the rules for amendments to conform to evidence objected to at trial. That is not applicable in this case because the reason for the amendment is not related to evidence, but instead an issue not raised in Defendants' Answer.

Rule 15(b)(2) provides for amendment "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent." "[T]he crucial test is whether the parties have consented to litigation of the issue; it must have been tried by their express or implied consent." Luria Bros.

305045.129

2

& Co. v. All. Assur. Co., 780 F.2d 1082, 1089 (2d Cir. 1986). Opposition to litigating an unpled issue demonstrates that implicit consent has not been granted. See Myers, 326 F.R.D. at 62; see also Posey v. NJR Clean Energy Ventures Corp., No. 14 CV 6833 (FLW) (TJB), 2015 WL 6561236, at *2 n.1 (D.N.J. Oct. 29, 2015) (where a defendant has "explicitly opposed [ ] amending the Complaint," the defendant "has not given implied consent," and "Rule 15(b)(2) cannot apply"); Dorsey v. Aetna Life Ins. Co., No. 12 CV 90 (RGD), 2013 WL 1288165, at *23 n.10 (E.D. Va. Mar. 26, 2013) (holding that there was no "implied consent" under Rule 15(b)(2) where defendant "explicitly refused to consent [by] objecting in its reply brief to the plaintiff's introduction of [a] new claim in opposition to [defendant's] summary judgment motion"). Where neither express nor implied consent has been provided the court is not authorized to allow an amendment pursuant to Rule 15(b). Myers, 326 F.R.D. at 63.

Here, Plaintiff has neither expressly nor implicitly consented to litigating Defendants' request for attorney's fees. Plaintiff objected to Defendant's request for attorney's fees in Plaintiff's opposition to Defendants' motion for summary judgment, filed a motion for reconsideration based on the Court overlooking that Defendants failed to plead a counterclaim for attorney's fees, and are now objecting to Defendants' motion to amend the complaint.

Accordingly, Plaintiff asserts that the Court is not authorized to allow Defendants' Amended Answer pursuant to Rule 15(b), and that the Court should deny Defendants' motion.

### ii. Defendants' Motion Should be Denied Under Rule 15(a).

Should the Court agree with the circuits that do not apply Rule 15(b) to decisions made on summary judgment motions, the Court should deny Defendants' motion under Rule 15(a) because Defendants failed to move to vacate or set aside the judgment, and this motion is being brought to

avoid an adverse ruling on Plaintiff's motion for reconsideration which is not a valid basis for reconsideration.

Before analyzing Defendants' motion under Rule 15(a) it must be noted that Defendants' motion is premature under this Rule. As it currently stands, Defendants' request for attorney's fees was granted and this motion is not necessary. Plaintiff subsequently filed a motion for reconsideration on the basis that the Court overlooked that the attorney's fees request was not pled as a counterclaim as required by RPL §282. The instant motion is in response to Plaintiff's motion for reconsideration and therefore, a decision on this motion will not be made until after a decision on Plaintiff's motion for reconsideration. Should Plaintiff's motion for reconsideration be denied, the current judgment will remain in place, and the instant motion will be denied as moot. Alternatively, if the Court grants Plaintiff's motion for reconsideration, the current judgment would be modified to deny Defendants' request for attorney's fees. Accordingly, on the basis of a Rule 15(a) motion, this motion operates either to attempt to avoid Plaintiff's motion for reconsideration being granted, or in response to entry of a judgment denying Defendants' request for attorney's fees. In either scenario, Defendants' motion should be denied.

> **1. Defendants' Motion to Amend Should be Denied because it is being made Solely to avoid an Adverse Ruling on Plaintiff's Motion for Reconsideration**

Should the Court decide this motion prior to a decision on Plaintiff's motion for reconsideration, this motion should be denied because Defendants admit that it is being made in response to Plaintiff's motion for reconsideration. Attempting to correct errors in the original pleading to avoid an adverse ruling is not a valid basis for amending a pleading.

Rule 15(a)(2) requires that a pleading can only be amended more than 21 days after service with the consent of the opposing party or the court's leave. Leave should be "freely" granted "when

305045.129

4

justice so requires." FRCP 15(a)(2). "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Courts routinely find prejudice and deny leave to amend where the party seeking to amend is doing so to avoid an adverse ruling.

"When it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims ... the court is free to deny leave to amend." Dish Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452, 461 (E.D.N.Y. 2012)(quoting PI, Inc. v. Quality Prods., Inc., 907 F.Supp. 752 [S.D.N.Y.1995]); see also, State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990)("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly");Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)("permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and Cola had already filed a motion for summary judgment"); Thompson v. New York City Transit Auth., No. 95-CV-4934 (ILG), 1999 WL 167710, at *2 (E.D.N.Y. Feb. 19, 1999), aff'd, 205 F.3d 1325 (2d Cir. 1999) ("the obvious purpose for plaintiffs' motion to amend—a last-ditch attempt to revive a lost case by asserting new legal theories which should have been alleged in the first instance—has been consistently denied in similar situations"); Franconero v. Universal Music Corp., No. 02 CIV.1963(BSJ), 2011 WL 566794, at *6 (S.D.N.Y. Feb. 11, 2011), aff'd sub nom. Franconero v. UMG Recordings, Inc., 542 F. App'x 14 (2d Cir. 2013)("granting Plaintiff leave to amend her complaint at this point, on the eve of an adverse ruling on Defendant's motion for summary judgment, would be 'especially prejudicial' to Defendant"); Mahar v. U.S. Xpress Enterprises,

305045.129

5

Inc., 688 F. Supp. 2d 95, 105 (N.D.N.Y. 2010)("Leave to amend may be denied where the movant appears to be raising a new claim in anticipation of an adverse ruling or to counteract a motion for summary judgment"); Dellefave v. Access Temporaries, Inc., No. 99 CIV. 6098 RWS, 2001 WL 25745, at *9 (S.D.N.Y. Jan. 10, 2001)("Leave to amend is not appropriate where, as here, the motion is filed solely in anticipation of an adverse ruling"); Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394, 409 (S.D.N.Y. 2000)(Denying motion to amend a complaint where the amendment was "simply to avoid defendants' meritorious summary judgment motions"); Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)("Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgment, particularly when the new claim could have been raised earlier"); Bymoen v. Herzog, Heine, Geduld, Inc., No. 88 CIV. 1796 (KMW), 1991 WL 95387, at *2 (S.D.N.Y. May 28, 1991)("it appears to the court that plaintiff is raising this new claim in anticipation of an adverse ruling on the one remaining claim in her third amended complaint. This is not a basis for leave to amend."); CL-Alexanders Laing & Cruickshank v. Goldfeld, 739 F. Supp. 158, 167 (S.D.N.Y. 1990)("When the motion is made after discovery has been completed and a motion for summary judgment has been filed, leave to amend is particularly disfavored because of the resultant prejudice to defendant"); Reisner v. General Motors Corp., 511 F.Supp. 1167, 1172 (S.D.N.Y.1981), aff'd, 671 F.2d 91 (2d Cir.), cert. denied, 459 U.S. 858 (1982)("the view of the proposed pleading as an attempt to forestall a ruling against the plaintiffs on a motion for summary judgment is not incredible. Such a motivation for a new complaint would clearly justify denial of permission to file it."); Roorda v. Am. Oil Co., 446 F. Supp. 939, 948 (W.D.N.Y. 1978); Billy Baxter, Inc. v. Coca-Cola Co., 47 F.R.D. 345, 350 (S.D.N.Y.1969), aff'd, 431 F.2d 183 (2d Cir. 1970), cert. denied, 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 826 (1971).

Here, Defendants fully admit that they are moving to amend their Answer in anticipation of an adverse ruling on Plaintiff's motion for reconsideration and that without the court granting Plaintiff's motion for reconsideration there would be no need for this motion.

> "Therefore, only to the extent the Court does not agree with the analysis provided by Defendants in opposition to Plaintiff's motion to reargue… this cross-motion seeks to cure that deficiency by seeking leave to amend the Defendants' answer to assert an additional counterclaim to recover Defendants' attorney's fees. On the other hand, should the Court deny the Plaintiff's motion to reargue (which the Defendants submit it should), then this cross-motion will be moot and deemed withdrawn."

Furthermore, this motion is being brought as a cross-motion and Defendants originally requested to bring it along with their opposition to Plaintiff's motion for reconsideration.

Defendants claim in their motion that Plaintiff will not suffer prejudice because "since attorney's fees are recoverable by statute, the Plaintiff knew, or is deemed to have known, that should the Defendants prevail they would be entitled to recover their attorney's fees." This is incorrect however, as Plaintiff was fully aware that a request for attorney's fees pursuant to RPL §282 must be made by way of counterclaim and that Defendants had not done so. Therefore, Plaintiff had no reason to believe that Defendants would request attorney's fees in their cross-motion for summary judgment.

Accordingly, the court should follow the well-established principal that leave to amend should be denied when the amendment is being sought solely to avoid an adverse ruling.

## 2. Defendants Failed to Move to Vacate or Set Aside the Judgment

Should the Court decide this motion after granting Plaintiff's motion for reconsideration, Defendants' motion to amend should be denied because they failed to move to vacate or set aside the judgment granting Plaintiff's motion for reconsideration and on reconsideration denying Defendants' request for attorney's fees.

"[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991); see also Smith v. Hogan, 794 F.3d 249, 256 (2d Cir. 2015); Janese v. Fay, 692 F.3d 221, 229 (2d Cir. 2012); Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); Clarke v. United States, No. 13CV3080WFKMDG, 2016 WL 4573976, at *2 (E.D.N.Y. Aug. 31, 2016). This is because Rule 15(a)'s liberal amendment policy should not "be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." Nat'l Petrochemical Co. of Iran, 930 F.2d at 245. The standards for granting motions pursuant to Rule 59 or Rule 60 are much higher than for granting a motion pursuant to Rule 15. "[T]he standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012). Rule 60(b) requires demonstration of "exceptional circumstances" to set aside a judgment. Ruotolo, 514 F.3d at 191.

Here, Defendants seek to amend their Answer to add a counterclaim for attorney's fees after final judgment has been entered. Accordingly, they must have the judgment set aside or vacated in order to amend. They have failed to request it be vacated or set aside pursuant to either Rule 59(e) or 60(b). They have not pointed to anything the court overlooked in order to be entitled to relief under Rule 59(e) or demonstrated exceptional circumstances to be entitled to relief under Rule 60(b). Therefore, Defendants motion should be denied.

Defendants argue in their motion that "if the Court grants Plaintiff's motion to reargue, that will effectively vacate the portion of the judgment granting attorney's fees." That contention overlooks that if Plaintiff's motion is granted, the court will enter a judgment denying Defendant's

305045.129

8

request for attorney's fees. That judgment would need to be vacated or set aside before Defendants can move to amend their Answer. Although that judgment has not yet been entered, this motion should be treated like a motion made after entry of a judgment because by Defendants own admission, if that judgment is not entered Defendants motion is moot. Therefore, Defendants' motion requires entry of a judgment granting Plaintiff's motion for reconsideration and denying Defendants' request for attorney's fees.

Defendants also cite to Ruotolo, 514 F.3d at 191 for the premise that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." However, Defendants do not cite to any case where the Court applied that reasoning and do not provide a basis why this should be such a case.

Accordingly, Defendants' motion to amend should be denied for failing to vacate or set aside a judgment prior to seeking to amend.

## II. CONCLUSION

Accordingly, for the reasons stated above, Defendants' Motion should be denied.

Dated: June 12, 2020
      New York, New York

                         Respectfully submitted,

                        BRONSTER, LLP
                        Attorneys for Plaintiff

                        By: /s Sean K. Monahan
                              Sean K. Monahan, Esq.
                              156 West 56th Street
                              New York, New York 10019
                              (347) 246-4888