LAW OFFICES

# SUSLOVICH & KLEIN LLP

CHASE MANHATTAN BUILDING
1507 AVENUE M
BROOKLYN, NEW YORK  11230-5214

JACOB F. SUSLOVICH
SIMON KLEIN

TELEPHONE   718-382-5700
TELEFAX   718-382-5796

March 3, 2021

HONORABLE CAROL BAGLEY AMON
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   CIT Bank, N.A. v. Zisman, et. al.
      Docket Number: 17-cv-02126 (CBA)

Dear Judge Amon:

This firm represents Defendants, Sharon Zisman and Berel Zisman, in this residential foreclosure action.  This is in opposition to the letter application of Plaintiff's counsel for a pre-motion conference for leave to file a motion to vacate this Court's Memorandum and Order dated April 8, 2020, pursuant to Rule 60(b)(6), on the grounds that a recent New York State Court of Appeals' opinion is grounds for its vacatur.

The motion that Plaintiff's counsel seeks leave to make is without merit for two reasons, one substantive and one procedural.

Substantively, the recent Court of Appeals' opinion relied upon by Plaintiff's counsel (attached to his letter), is inapposite and irrelevant to the case at bar in two significant respects.

First, the Court of Appeals' opinion only dealt with a situation where the filing of a prior complaint in a foreclosure action was voluntarily discontinued by the Plaintiff.  As stated by the Court of Appeals at the bottom of page 19 of its opinion:

> "Accordingly, we conclude that where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's <u>voluntary discontinuance</u> of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder." (emphasis added)

1

Here, although it is true that the Plaintiff had made a motion in the prior action in State Court to voluntarily discontinue that action, that was not the grounds for its dismissal.  The Defendants had made a motion for summary judgment and it was that summary judgment motion that was granted by the court in the so-ordered stipulation dismissing the action.  In fact, the Plaintiff's motion to discontinue the action was withdrawn by the Plaintiff.  A copy of the so-ordered stipulation is attached for the Court's ready reference.

Second, the Court of Appeals' opinion provides that a voluntary discontinuance revokes an acceleration that was made in the complaint which commenced that action.  The opinion states that "… when a bank effectuated an acceleration via the commencement of a foreclosure action, a voluntary discontinuance of that action – *i.e.*, the withdrawal of the complaint - constitutes a revocation of that acceleration."

But, in our case, it is not the acceleration in the complaint in the prior foreclosure action which commenced the running of the statute of limitations.  Indeed, the acceleration in the complaint had already been determined to be a nullity and was not the basis of this Court's decision.  Rather, it is the acceleration a year later, by Plaintiff's sworn affidavit, which commenced running of the statute of limitations.

Therefore, the Court of Appeals' opinion dealt with distinctly different factual circumstances and does not apply to the case at bar.

In addition to the above, Plaintiff's application is procedurally improper because a change in decisional law by itself is not sufficient "extraordinary circumstances" warranting vacating a prior order pursuant to Rule 60(b)(6).

As stated in <u>Tapper v. Hearn</u>, 833 F.3d 166, 172 (2d Cir. 2016) "Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" and "there are extraordinary circumstances justifying relief. <u>[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6).</u>" (citations omitted).  See also, <u>Simone v. Prudential Ins. Co. of Am.</u>, 164 F. App'x 39, 40 (2d Cir. 2006)("Any potential impact of *Nichols* on Simone's case has no effect here, for "<u>it is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)</u>." *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 757 (2d Cir.1986); <u>Marrero Pichardo v. Ashcroft</u>, 374 F.3d 46, 56 (2d Cir. 2004)("We note that, as a general matter, <u>a mere change in decisional law does not constitute an "extraordinary circumstance" for the purposes of Rule 60(b)(6)</u>."); <u>Travelers Indem. Co. v. Sarkisian</u>, 794 F.2d 754, 757 (2d Cir. 1986)("However, <u>it is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)</u>.") (emphasis added in all cases cited above)

The case cited and relied upon by Plaintiff's counsel, <u>Schildhaus v. Moe</u>, 335 F.2d 529, 530 (2d Cir. 1964), is inapplicable.  The court there discussed the scope of Rule 60(b)(5), as opposed to Rule 60(b)(6).  Rule 60(b)(5) applies to the prospective effect of a judgment.  As stated in 12 Moore's Federal Practice - Civil § 60.47 (2020) "Simple money judgments may not be set aside or reopened

under Rule 60(b)(5) because simple money judgments have no prospective application. Even if the judgment debtor has not yet paid the judgment, it remains a final judgment; it is not "prospective," since it is not executory and involves no judicial supervision of changing conduct or conditions."

Thus, the <u>Schildhaus</u> case has no bearing upon our case.

Based on the above, it is respectfully requested that the application of Plaintiff's attorney for a pre-motion conference pursuant to Rule 60(b)(6) be denied.


Respectfully submitted,

*Mark M. Kranz*

Mark M. Kranz


Copy via ECF to

BRONSTER LLP
Attention: Sean Monahan, Esq.
Attorneys for the Plaintiff, CIT Bank, N.A.

3