UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A.,<br><br>                              Plaintiff,<br><br>vs.<br><br>SHARON ZISMAN, BEREL ZISMAN, NEW YORK<br>CITY DEPARTMENT OF FINANCE, NEW YORK<br>CITY ENVIRONMENTAL CONTROL BOARD,<br><br>                              Defendants. | Case No.: 1:17-cv-02126-CBA |

**PLAINTIFF'S MEMORANDUM OF LAW
IN REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S RULE 60(B) MOTION**

BRONSTER, LLP
Attorneys for Plaintiff
156 West 56th Street
New York, New York 10019
(347) 246-4888

305045.129

**Table of Contents**

ARGUMENT ........................................................................................................................... 1

I.    The Recent Decision by the Court of Appeals Warrants Relief from the April 8, 2020
      Decision and Order. ................................................................................................... 1

      a.   Plaintiff's Motion to Discontinue the Prior Action Revoked the Acceleration
           Contained in the Affidavit. ............................................................................. 1

           i.   Discontinuing the Prior Foreclosure Action Nullified all Filings in the Action
                and Defendant Fails to Rebut ................................................................... 2

           ii.  The New Rule in Engel that Voluntary Discontinuance Revokes Acceleration
                Applies Whether the Acceleration was by Complaint or by Affidavit .................. 2

      b.   Plaintiff's Motion to Discontinue was a Voluntary Discontinuance pursuant to
           Engel. .......................................................................................................... 4

II.   Rule 60(b) Provides the Court with Authority to Vacate the Decision and Order ............ 7

      a.   Defendants Concede Rule 60(b)(1) allows a Decision and Order to be Vacated
           and provide no Authority for why it should not in this Matter ................................ 7

      b.   Extraordinary Circumstances are Present to Vacate the Decision and Order
           Pursuant to rule 60(b)(6). ............................................................................. 8

      c.   Rule 62.1 Permits the Court to Determine that it would Grant the Motion on
           Remand ..................................................................................................... 11

III.  The Court Already Ruled that Defendants Waived their Res Judicata Affirmative
      Defense and their Collateral Estoppel Affirmative Defense is Without Merit ................ 12

CONCLUSION ...................................................................................................................... 12

i

**Table of Authorities**

### Cases

Assyag v. Wells Fargo Bank, N.A., 186 A.D.3d 1303, 131 N.Y.S.3d 699 (2nd Dept 2020). ......... 6

Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017) .............................................................. 12

Devino v. Duncan, 215 F. Supp. 2d 414 (S.D.N.Y. 2002) ........................................... 10

DeWeerth v. Baldinger, 38 F.3d 1266 (2d Cir. 1994) ............................................... 8, 9

Freedom Mortg. Corp. v. Engel, No. 1, 2021 WL 623869 (N.Y. Feb. 18, 2021) ................ passim

Knopf v. Esposito, 795 F. App'x 67 (2d Cir. 2020) .................................................... 12

Newman v. Newman, 245 A.D.2d 353, 665 N.Y.S.2d 423 (2nd Department 1997)...................... 2

Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86 (2d Cir. 1996) ........................... 9

Scarborough v. U.S. Sec. Assocs., Inc., 836 F. App'x 60 (2d Cir. 2020) .................... 12

Scott v. Gardner, 344 F. Supp. 2d 421 (S.D.N.Y. 2004) ............................................. 10

Shildhaus v. Moe, 335 F.2d 529 (2d Cir. 1964) .......................................................... 7

### Rules

FRAP 4(a)(4)(B)(i) ......................................................................................................... 9

FRCP 60(b)(1) ................................................................................................................ 7

FRCP 60(b)(6) ................................................................................................................ 7

FRCP 60(c)(1)................................................................................................................. 8

FRCP 62.1....................................................................................................................... 11

Plaintiff CIT Bank, N.A. ("Plaintiff") respectfully submits this memorandum of law in reply to the opposition filed by defendants Sharon Zisman and Berel Zisman ("Defendants") and in further support of Plaintiff's Rule 60(b) motion for relief from the Court's April 8, 2020 decision and order (the "Decision and Order") granting Defendants' motion for summary judgment and awarding Defendants attorney's fees.

## ARGUMENT

I.   **The Recent Decision by the Court of Appeals Warrants Relief from the April 8, 2020 Decision and Order.**

Defendants primarily oppose Plaintiff's motion by incorrectly alleging that the recent decision by the New York Court of Appeals in <u>Freedom Mortg. Corp. v. Engel</u>, No. 1, 2021 WL 623869 (N.Y. Feb. 18, 2021) that overturned Appellate Division precedent as to what constitutes an affirmative act to revoke an acceleration does not require a different result in this action. In doing so, Defendants attempt to differentiate the acceleration described in Engel from the acceleration[1] here, ignoring the Court's entire rationale in the <u>Engel</u> holding. Contrary to Defendants' arguments, the rationale in <u>Engel</u> is appliable here and requires the Decision and Order to be vacated.

   a.   **Plaintiff's Motion to Discontinue the Prior Action Revoked the Acceleration Contained in the Affidavit.**

Defendants first argue that <u>Engel</u> only applies when the acceleration occurred via the complaint and not here where it occurred in an affidavit in support of a motion for summary judgment that realleged the ineffective acceleration language in the complaint. Defendants are

---

[1] While Plaintiff has appealed the Court's decision that the loan was accelerated on February 23, 2010, for the purposes of this reply Plaintiff will proceed based on a February 23, 2010 acceleration.

1

305045.129

incorrect for two reasons. First, voluntarily discontinuing an action nullifies all filings in the action, not just the complaint. Defendants fail to even attempt to rebut this argument. Second, the acceleration via affidavit is clearly in the spirit of the decision in <u>Engel</u> and furthers the goals of the Court of Appeals in <u>Engel</u>.

      **i. Voluntarily Discontinuing an Action Nullifies all Filings in the Action not just the Complaint and Defendant Fails to Rebut**

Defendants cite the Court of Appeals statement that "[a] voluntary discontinuance withdraws the complaint" for the premise that <u>Engel</u> only applies when the loan was accelerated via the complaint. However, as discussed in Plaintiff's Memorandum of Law in Support of the instant motion, it is well settled law that voluntarily discontinuing an action not only withdraws the complaint but "it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified." <u>Newman v. Newman</u>, 245 A.D.2d 353, 354, 665 N.Y.S.2d 423, 424 (2nd Department 1997). Defendants do not provide any argument or authority in their opposition that disputes this well settled law. Accordingly, <u>Engel</u> applies here where the acceleration was included in an affidavit in support of a motion for summary judgment.

      **ii. The New Rule in Engel that Voluntary Discontinuance Revokes Acceleration Applies Whether the Acceleration was by Complaint or by Affidavit**

As the <u>Engel</u> holding makes clear, the Court of Appeals endeavored to create a clear, bright line rule that voluntarily discontinuing a foreclosure action revokes the acceleration of the underlying loan when the loan was accelerated as part of the foreclosure action. It did not, as Defendants would have this Court believe, intend a voluntary discontinuance to revoke certain acts of acceleration that occurred as part of the foreclosure action and not others. Indeed, such a

2

distinction would go against the very spirit of Engel, which was to streamline litigation in the interest of all parties. Here, Defendants argue that Engel is only applicable when a *complaint* accelerates the loan, not when an *affidavit* in support of a motion for summary judgment that realleges the acceleration language in the complaint accelerated the loan.  That is a meaningless distinction and contrary to Engel's intent.

In issuing their decision, the Court of Appeals wanted to ensure that there wasn't "costly and time-consuming litigation" to determine whether an acceleration was revoked. Engel, 2021 WL 623869 at *7. The Court of Appeals in Engel was concerned that the rule imposed by the Appellate Division—that a voluntary discontinuance alone was not an affirmative act sufficient to revoke an acceleration—would result in "inconsistent and unpredictable results" when analyzing whether or not an acceleration was revoked. Id.

In the spirit of avoiding "inconsistent and unpredictable results" and "costly and time-consuming litigation" the Court of Appeals held that there should be a "clear rule that a voluntary discontinuance evidences revocation of acceleration (absent a noteholder's contemporaneous statement to the contrary)" because it "makes it possible for attorneys to counsel their clients accordingly, allow[s] borrowers to take advantage of the opportunity afforded by the de-acceleration—reinstatement of the right to pay arrears and make installment payments, [and] eliminat[es] the obligation to immediately pay the entire outstanding principal amount in order to avoid losing their homes." Id. at *8. The Court of Appeals found that it is to the benefit of the borrower to have the loan deaccelerated and returned to installment payments because it allows a borrower to take advantage of payment assistance programs. Id. The Court of Appeals concluded that "given the advantages of a clear default rule reinstating the pre-accelerated terms of the loan, the onus is on noteholders to inform the borrower at the time of the

3

discontinuance if acceleration has not been revoked and it will not accept installment payments." Id.

The policy behind the Court of Appeals' decision in Engel —to have a clear, bright line rule to avoid inconsistent and unpredictable results and costly and time-consuming litigation— applies here. Defendants' distinction between acceleration by complaint and acceleration by affidavit would defeat this purpose. The inevitable result would be time consuming litigation where a borrower would search through every paper filed in the litigation for anything that could be construed as an acceleration, and then argue that the discontinuance did not revoke that particular acceleration. This would lead to unpredictable results that vary from case to case and court to court, which is exactly what the Court of Appeals wants to avoid. Engel is clearly applicable to the acceleration that this Court found in this matter.

### b. Plaintiff's Motion to Discontinue was a Voluntary Discontinuance pursuant to Engel.

Defendants next contend that Engel isn't applicable because despite Plaintiff moving to discontinue, the so-ordered stipulation that ultimately discontinued the action granted, on consent, Defendants' motion for summary judgment rather than granting Plaintiff's motion for voluntary discontinuance. This argument is unavailing because the revocation had already occurred by the time of the so-ordered stipulation. Plaintiff revoked the acceleration by the affirmative act of serving its motion to discontinue—the date when the action was actually discontinued did not change that act. Furthermore, the only reason why Plaintiff had to make the motion was because Defendants refused to consent to the discontinuance.

4

Defendants incorrectly state that Engel "makes no mention of a voluntary discontinuance by motion or court order" and once more misread the Engel decision. In fact, the Court of Appeals states that the issue raised is "whether a noteholder's **voluntary motion** or stipulation to discontinue a mortgage foreclosure action, which does not expressly mention de-acceleration or a willingness to accept installment payments, constitutes a sufficiently affirmative act [to revoke the acceleration]." Engel, 2021 WL 623869 at *7 (emphasis added). In its opinion the Court of Appeals makes no distinction between a motion or a stipulation to discontinue and includes them both in the issue before the Court. Therefore, contrary to Defendants' contention, Engel applies to a voluntary discontinuance both by motion and stipulation.

If Engel only applied to stipulations, and not to voluntary motions to discontinue, a borrower could prevent a lender from revoking an acceleration because a stipulation to discontinue must be signed by all parties. Refusal by a defendant to sign the stipulation would force the Plaintiff to proceed by motion. That is exactly what happened here. Counsel in the prior action reached out to Defendants, who had the same counsel as in this action, and they refused to sign a stipulation to discontinue the action. Plaintiff was therefore forced to voluntarily discontinue by motion. Plainly, such a motion comports with the clear rule on revocation of acceleration by discontinuance that the Court of Appeals wished to establish.

Defendants next incorrectly contend that revocation occurs when the action is discontinued, not when the motion is made. This contention goes against both the settled requirements to revoke an acceleration, as well as the Court of Appeals statement of the issue before it. "[T]he Appellate Division departments have consistently held that… revocation can be accomplished by an 'affirmative act' of the noteholder within six years of the election to accelerate." Engel, 2021 WL 623869 at *6.  The revocation is effective when it is sent to the

5

borrower, even if the borrower does not receive it. Assyag v. Wells Fargo Bank, N.A., 186 A.D.3d 1303, 1305, 131 N.Y.S.3d 699, 701 (2nd Dept 2020). The Court of Appeals then explicitly states that the issue before it was whether a "voluntary motion… constitutes a sufficiently 'affirmative act'" to revoke the acceleration. Engel, 2021 WL 623869 at *6. Therefore, the revocation occurred when the motion to discontinue was served on the Defendants.

Furthermore, the Court granting the motion and discontinuing the action is not an affirmative act by the Plaintiff because it is the Court taking the action. Plaintiff's affirmative act was serving the motion to discontinue which pursuant to Engel is sufficient to revoke the acceleration.

Finally, Defendants contend that even if Plaintiff's motion to discontinue revoked the acceleration, that revocation was itself revoked by the withdrawal of that motion in the so-ordered stipulation. Defendants provide no authority that a revocation of an acceleration can itself be revoked. Even if it could be, that would not reset the statute of limitations back to the date of the initial acceleration. As soon as the acceleration was revoked the loan returned to being payable by installments. Engel, 2021 WL 623869 at *5. Therefore, when the stipulation withdrawing the motion to discontinue was filed, the loan was already payable in installments and the stipulation was not an unequivocal overt act that is required to accelerate the loan. Id. at *3.

Accordingly, it is clear that pursuant to Engel, Plaintiff revoked the acceleration in the prior action when it served a motion to discontinue within 6 years of acceleration. Therefore, Plaintiff's motion should be granted, the previous decision should be vacated, and this Court should award summary judgment in Plaintiff's favor.

6

305045.129

II.     **Rule 60(b) Provides the Court with Authority to Vacate the Decision and Order**

Defendants contend that neither FRCP 60(b)(1) nor 60(b)(6) permit the Court to vacate its judgment.  This is incorrect and the Court has authority to vacate the Decision and Order pursuant to either rule.

a.  **Defendants Concede Rule 60(b)(1) allows a Decision and Order to be Vacated and provide no Authority for why it should not in this Matter**

Defendants concede that there are circumstances where 60(b)(1) can be used to vacate a prior judgment based on an intervening change in law and do not provide any authority for why this is not such a circumstance. Instead, Defendants appear to apply the extraordinary circumstances requirement of 60(b)(6), which will be discussed in detail below, to 60(b)(1). Defendants provide no authority to support their argument that the 60(b)(6) extraordinary circumstances requirement also applies to 60(b)(1), and admit that they could not locate any. Therefore, there is no basis for their argument that 60(b)(1) does not permit the Court to vacate the Decision and Order.

Defendants unpersuasively attempt to distinguish this case from Shildhaus v. Moe, 335 F.2d 529 (2d Cir. 1964), which, as discussed in Plaintiff's motion, held that a Rule 60(b)(1) motion to correct a decision in light of new authority filed within the time permitted for appeal was made within a reasonable time. Defendants attempt to distinguish this matter from Shildhaus by saying that 11 months passed between the Decision and Order and Plaintiff's request to make this motion, while only 11 days passed in Shildhaus. This completely ignores that when the request was made, Plaintiff's time to appeal had not expired, and therefore this case fit squarely

7

in the rule established by <u>Shildhaus</u> that if made before the time to appeal has expired, the motion was made within a reasonable time. Defendants also ignore that FRCP 60(c)(1) provides that in addition to the subjective reasonable time requirement for all 60(b) motions, a motion pursuant to Rule 60(b)(1), (2), or (3) must be made within a year of entry of the order. By limiting the timeframe for some 60(b) motions, it indicates that the reasonable time to make a 60(b) motion could be longer than a year. Here, the motion was made both within a reasonable time pursuant to <u>Shildhaus</u> and within one year, meeting both requirements of 60(c)(1).

Accordingly, Rule 60(b)(1) permits the court to vacate the Decision and Order based on the change in law, and as discussed in section I above, the court should vacate the Decision and Order.

### b. Extraordinary Circumstances are Present to Vacate the Decision and Order Pursuant to rule 60(b)(6).

Defendants incorrectly contend that Rule 60(b)(6) does not allow for the decision and order to be vacated based on a change in law because the requirement of "extraordinary circumstances" has not been met. Defendants mainly rely on two cases to support this argument, though, neither case supports Defendants' contention that there are no extraordinary circumstances in this case.

Defendants first rely on <u>DeWeerth v. Baldinger</u>, 38 F.3d 1266 (2d Cir. 1994) which held that a change in law did not constitute extraordinary circumstances. DeWeerth is inapposite for several reasons, most notably that—unlike here—that case was *fully disposed* at the time of the change in law. In <u>DeWeerth</u>, the Rule 60(b)(6) motion was made over three years after the Supreme Court denied their petition for a writ of certiorari and as a result ended any further litigation. The Second Circuit held that a final judgment should not be disturbed "in a case that

8

had been fully litigated and was long since closed." Id. at 1272. The Second Circuit was concerned that reopening fully disposed federal cases "anytime an unrelated state case clarifies the applicable rules of law" would "encourage countless attacks on federal judgments long since closed." Id. at 1274.

Here, there is no reason for that concern. This matter has not been fully litigated and is still active. Plaintiff has filed a notice of appeal which did not become effective until the Court denied Plaintiff's motion for reconsideration on March 1, 2021. FRAP 4(a)(4)(B)(i). There is no risk that vacating the Decision and Order pursuant to Rule 60(b)(6) will allow attacks on federal judgments long since closed. Instead, it will prevent the unnecessary cost and expense of proceeding in the Court of Appeals and having the Court of Appeals vacate the Decision and Order pursuant to Engel. That would result in this action being in the same place as if this motion were granted, except with additional cost and delay. Accordingly, the basis for the DeWeerth decision is not applicable in this matter.

Defendants than incorrectly argue that extraordinary circumstances do not exist based on the four factors outlined in Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86 (2d Cir. 1996). (Notably, in Sargent the Second Circuit found that the change in law in that case was an extraordinary circumstance and recalled their mandate.) The Sargent factors were outlined in Plaintiff's moving papers with an analysis of how they support there being extraordinary circumstances. The arguments in Defendants opposition fail to rebut this analysis.

Defendants first argue that the first factor that the new law be inconsistent with the court's prior decision isn't met. As discussed in section I above, the new Engel precedent is beyond any question inconsistent with the Court's prior decision. Accordingly, the first Sargent factor is met.

9

Defendants next argue that the third factor, whether "substantial" time has passed between the earlier decision and the pending motion, isn't met because amount of time that elapsed between the Decision and Order and Plaintiff's request for a premotion conference was too long. As discussed in Section II(a) above, Plaintiff's request was made both within the 1 year timeframe of Rule 60(c)(1) and within time to appeal. The Sargent Court specifically distinguished the case before it -- in which the Court of Appeals issued its precedent-changing decision while a petition for a writ of certiorari was pending in the Supreme Court and the motion to withdraw the Second Circuit's mandate was brought within two weeks of the denial of certiorari -- from DeWeerth, in which the Court of Appeals decision that changed the law occurred over three years after the Supreme Court denied certiorari. Sargent 75 F.3d at 90. The Second Circuit held that recalling the mandate in Sargent would not reopen a stale claim. The instant case is much more comparable to Sargent than DeWeerth where the Court of Appeals decision occurred while a motion for reconsideration was pending, a notice of appeal had been filed, and the request to bring this motion was made one day after the court denied the motion for reconsideration. Accordingly, the second Sargent factor favors Plaintiff.

Defendants finally argue that the equities prong in the Sargent test only refers to which party chose to be in federal court and that because Plaintiff chose to be in federal court the equities favor Defendants. This argument improperly constrains the equities prong of the Sargent test.  District Courts have found the equities favor the party that brought the action in federal court. See Scott v. Gardner, 344 F. Supp. 2d 421, 427 (S.D.N.Y. 2004); Devino v. Duncan, 215 F. Supp. 2d 414, 418 (S.D.N.Y. 2002). Furthermore, while in Sargent the Court found that the equities favored the Plaintiff because the case was originally brought in state court and removed by Defendant to federal court, no where in the decision does the court state that the equities

10

would not favor the Plaintiff if the action was originally brought in federal court. Defendants read in restrictions that the court did not intend and that contradict the spirit of the law.

As discussed in Plaintiff's motion, the equities favor Plaintiff because dismissal of this action would allow Defendants to walk away from a debt in excess of $1,000,00.00 and own the property free and clear of a mortgage based on law that is no longer valid. Accordingly, the fourth Sargent factor favors Plaintiff.

Accordingly, extraordinary circumstances exist for the Court to vacate the decision and order pursuant to Rule 60(b)(6).

### c.  Rule 62.1 Permits the Court to Determine that it would Grant the Motion on Remand

Finally, Defendants argue that Rule 62.1 prohibits the Court from vacating the Decision and Order while the appeal is pending. Defendants are actually misleading this Court, as Rule 62.1 specifically provides the procedure to do just that.

Nothing in Rule 62.1 prohibits the Court from reviewing the motion and issuing an indicative ruling that it would be granted on remand. Rule 62.1(a) gives the court three options when a motion is made for relief that the court lacks authority to grant due to the appeal. The court can (1) defer considering the motion, (2) deny the motion, or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Should the court elect option 3, Rule 62.1(b) provides that the movant must notify the Court of Appeals and Rule 62.1(c) allows the Court of Appeals to remand to the district court for a decision on the motion. This allows the District Court to decide a Rule 60(b) motion after a notice of appeal has been filed. See Scarborough v. U.S. Sec. Assocs., Inc., 836 F. App'x 60, 61

11

(2d Cir. 2020); <u>Knopf v. Esposito</u>, 795 F. App'x 67 (2d Cir. 2020); <u>Darnell v. Pineiro</u>, 849 F.3d 17, 28 (2d Cir. 2017).

Accordingly, the Court is not prohibited from deciding this motion.

### III.     The Court Already Ruled that Defendants Waived their Res Judicata Affirmative Defense and their Collateral Estoppel Affirmative Defense is Without Merit

Finally, Defendants request that if the Court grants Plaintiff's motion it consider their second affirmative defense of res judicata and collateral estoppel. This Court has already determined that the res judicata portion of the affirmative defense was waived and ordered it dismissed because the opposition brief was silent on the issue and Defendants confirmed at oral argument that they did not seek to press it as an affirmative defense. For the reasons stated in Plaintiff's motion for summary judgment and its opposition to Defendants' cross-motion for summary judgment, the Court should also dismiss the collateral estoppel portion of the affirmative defense.

<u>**CONCLUSION**</u>

In summary, during Plaintiff's time to appeal, the New York Court of Appeals issued Engel, which reversed Appellate Division precedent on the determinative issue of whether the Plaintiff's action was time-barred. That decision was purposeful in its specific goal of minimizing costly and frivolous litigation in cases like these. The Plaintiff's act of revoking the acceleration of the mortgage loan here clearly falls within the purview of <u>Engel</u>. As a result, the act that this Court determined had commenced the running of the statute of limitations was timely revoked when Plaintiff moved to discontinue the prior action. Pursuant to <u>Engel</u>, the

12

305045.129

statute of limitations had not expired when Plaintiff commenced this action and therefore the Decision and Order should be vacated. Rule 60(b) provides the basis to do so without the time and expense of proceeding with the pending appeal.

Accordingly, for the reasons stated above Plaintiff's motion to vacate portions of this Court's April 8, 2020 Decision and Order should be granted.

Dated: April 26, 2021
      New York, New York

                       Respectfully submitted,

                       BRONSTER, LLP
                       Attorneys for Plaintiff

                       By:         /s Sean K. Monahan
                                Sean K. Monahan, Esq.
                                156 West 56th Street
                                New York, New York 10019
                                (347) 246-4888

13