UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A.,<br><br>        Plaintiff,<br><br>  vs.<br><br>SHARON ZISMAN, BEREL ZISMAN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>        Defendants. | Case No.: 1:17-cv-02126-CBA |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL AFFIRMATION OF
ATTORNEY'S FEES**

        BRONSTER, LLP
        Attorneys for Plaintiff
        156 West 56th Street
        New York, New York 10019
        (212) 558-9300

305045.129

# Table of Contents

I.   ARGUMENT ......................................................................................................... 1

    a.   Time Entries that are Excessive, Redundant or Uneccessary .............................. 3

II.  CONCLUSION .................................................................................................... 4

# Table of Authorities

**Cases**

Am. Lung Ass'n v. Reilly, 144 F.R.D. 622 (E.D.N.Y. 1992) ........................................................ 2

Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120 (2d Cir. 2013) ......................... 1

Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ............................ 2

Kirsch v. Fleet St., Ltd., 148 F.3d 149 (2d Cir. 1998) ................................................................. 2

LV v. New York City Dep't of Educ., 700 F.Supp.2d 510 (S.D.N.Y.2010) ................................. 2

McGuire v. Russell Miller, Inc., 1 F.3d 1306 (2d Cir. 1993) ...................................................... 1

Miroglio S.P.A. v. Conway Stores, Inc., 629 F.Supp.2d 307 (S.D.N.Y.2009)............................. 2

Quaratino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999).......................................................... 1, 2

Wise v. Kelly, 620 F. Supp. 2d 435 (S.D.N.Y. 2008) ................................................................. 2

**Statutes**

RPL §282 ..................................................................................................................................... 1

Plaintiff CIT Bank, N.A. ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' supplemental affirmation in support of their motion for attorney's fees. Plaintiff objects to fees requested for time hours that are excessive, redundant or otherwise unnecessary and requests that the Court make reductions for such time entries.

## I.    ARGUMENT

The general rule that is followed by federal courts is the "American" rule whereby each party bears its own attorney's fees. Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 123 (2d Cir. 2013); McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1312 (2d Cir. 1993). This general rule can be modified by contract or by statute. McGuire, 1 F.3d at 1312; Castillo Grand, 719 F.3d at 123. Here, paragraph 22 of the mortgage provides that

> "[i]n any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured." See Docket No 52.2 at Exhibit 3.

The mortgage is silent on the mortgagor's ability to collect attorney's fees. However, New York enacted RPL §282 which provides that

> "Whenever a covenant contained in a mortgage on residential real property shall provide that in any action or proceeding to foreclose the mortgage that the mortgagee may recover attorneys' fees and/or expenses…, there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor… in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract… by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor."

Accordingly, any attorney's fee award must be "reasonable."

In the Second Circuit "[t]he starting point for the determination of a reasonable fee is the calculation of the lodestar amount." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). The loadstar is the "number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). "[H]ours that were not "reasonably expended" should be excluded from the fee calculation. Id. "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." Quaratino, 166 F.3d at 425. When there are excess, redundant or otherwise unnecessary hours, the court can either exclude the excessive, redundant or otherwise unnecessary hours, or make across the board percentage cuts to the total hours. Wise v. Kelly, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008) (citing Hensley, 461 U.S. at 434 and Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)). Excess, redundant or otherwise unnecessary hours includes overstaffing which leads to duplication of work. See Am. Lung Ass'n v. Reilly, 144 F.R.D. 622, 627 (E.D.N.Y. 1992).

"In addition, [c]ourts may reduce the number of hours in a fee application where the time entries submitted by counsel are too vague to sufficiently document the hours claimed." Sheet Metal Workers', 2015 WL 3444896, at *12 (internal quotations omitted); see also LV v. New York City Dep't of Educ., 700 F.Supp.2d 510, 526 (S.D.N.Y.2010) (holding that entries that omit information about the subject matter of the work, e.g., "meeting w/co-counsel" and "conference w/co-counsel," justify a reduction in the hours expended); Miroglio S.P.A. v. Conway Stores, Inc., 629 F.Supp.2d 307, 313 (S.D.N.Y.2009) (holding that entries such as "letter to [opposing counsel]," "telephone call to [opposing counsel]" and "discussion with [opposing counsel]" are "overly vague" and "[t]hus courts commonly make percentage reductions for [them].")

"Courts may also make reductions for 'block-billing,' that is, the practice of 'aggregating multiple tasks into one billing entry[,]" Sheet Metal Workers', 2015 WL 3444896, at *12 (internal quotations omitted).

### a. <u>Time Entries that are Excessive, Redundant or Uneccessary</u>

Defense counsel submits time entries from 3 attorneys at two different firms. Many of the submitted time entries are redundant, duplicative and vague and should therefore be reduced.

Between April 27, 2020 and May 4, 2020 Jacob Suslovich billed a total of 4 hours and 54 minutes for "[r]esearch re atty fee motion" and on May 5, 2020 and May 6, 2020 billed a total of 3 hours, 19 minutes for "[r]esearch re atty fee motion; draftin opp." On May 5, 2020 Mark Krantz billed 4 hours, 27 minutes for "[d]rafting opposition memorandum of law, review of research from Mr. Suslovich, and research" and on May 6, 2020 billed 1 hour 31 minutes for "[d]rafting affirmation and finalizing and efiling opposition documents." These entries are redundant and in the case of Mr. Suslovich's entries, vague. Defendant's motion for attorney's fees was filed on April 21, 2020 and Mr. Suslovich doesn't explain why he billed nearly 5 hours for research for the attorney's fees motion after it was filed. Assuming, arguendo, that the research was for Defendant's opposition to Plaintiff's motion for reconsideration, Mr. Krantz is the only attorney whose name appeared on the opposition. There is no explanation for why Mr. Suslovich billed for nearly 5 hours of research that Mr. Krantz had to "review" and then conduct additional research. There is also no explanation for why Mr. Suslovich then billed over 3 hours for more research and to draft an opposition that was signed by Mr. Krantz and that Mr. Krantz billed nearly 6 hours to prepare.

Similar redundant and duplicative entries occur in April 2021 when counsel was preparing an opposition to Plaintiff's motion to reargue. Once again Mr. Krantz was the only attorney whose name was on the opposition that was served on April 19, 2021. Between April 12, 2021 and April 19, 2021 Mr. Krantz billed a total of 17 hours 12 minutes to prepare the opposition. During that same time period Mr. Suslovich billed a total of 6 hours 55 minutes to "[r]ev of opp to motion [to]

reargue" and 4 hours 21 minutes to "[w]ork on opposition papers" totaling 11 hours 16 minutes. The combined hours billed are 28 hours, 28 minutes of which Mr. Suslovich billed nearly 40%. There is no explanation for why Mr. Suslovich billed such an excessive amount of time to review and work on an opposition signed by Mr. Krantz.

Accordingly, Plaintiff respectfully requests that the Court reduce the hours by an amount to be determined by the Court to account for the time entries that are excessive, redundant or otherwise unnecessary.

## II. CONCLUSION

Accordingly, for the reasons stated above Defendants' attorney's fees should be reduced by an amount determined by the court for hours that are excessive, redundant or otherwise unnecessary.

Dated: December 27, 2021
New York, New York

Respectfully submitted,

BRONSTER, LLP
Attorneys for Plaintiff


By: _____/s Sean K. Monahan_____
Sean K. Monahan, Esq.
156 West 56th Street
New York, New York 10019
(347) 246-4888

305045.129

4