UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――

№ 17-CV-2126 (CBA) (RER)

―――――――――――

CIT Bank, N.A.

versus

Sharon Zisman, Berel Zisman, New York City Department of Finance,
New York City Environmental Control Board

―――――――――――

REPORT & RECOMMENDATION

March 23, 2023

―――――――――――

To The Honorable Carol Bagley Amon
Senior United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

CIT Bank, N.A. ("CIT" or "Plaintiff") brought this foreclosure action against Sharon Zisman and Berel Zisman ("the Zismans" or "Defendants"), as well as New York City Department of Finance and New York City Environmental Control Board. (ECF No. 1). After the Zismans prevailed on a motion for summary judgment and a counterclaim for attorneys' fees (ECF No. 61), and Plaintiff's motion to reconsider was denied (ECF No. 84), the Zismans timely moved to recover the legal fees and costs associated with this action. (ECF Nos. 73 ("Mot. Att'ys' Fees") and 104 ("Suppl. Mot."), collectively "Motion"). Your Honor referred this Motion to me for a Report and Recommendation. (ECF Order dated 12/14/2022). For the reasons set forth herein, I respectfully recommend that the Motion be granted in part and denied in part, and that the Zismans be awarded $69,035 in attorneys' fees and $1,154.01 in costs.

1

## BACKGROUND

The Court presumes familiarity with the factual background and procedural history of the underlying action, which is more thoroughly addressed elsewhere in the record. (*See, e.g.*, ECF Nos. 61, 84). Suffice it to note that Defendants first filed their Motion for Attorneys' Fees in May 2020, following several years of litigation but before the underlying dispute was fully resolved. (Mot. Att'ys' Fees; ECF Order dated 6/10/2021). As such, Your Honor deferred disposition of this Motion until Plaintiff's then-pending motion to vacate judgment was resolved. (ECF Order dated 6/29/2021). Accordingly, shortly after Your Honor denied Plaintiff's motion to vacate and declined to grant summary judgment in Plaintiff's favor (ECF No. 98), Defendants sought permission to amend their original Motion for Attorneys' Fees to account for additional fees and expenses that counsel had incurred in the interim (ECF No. 99). Your Honor granted that request (ECF No. 102), and in short order, the Zismans filed supplemental attorney affirmations and time records for the Court's consideration (Suppl. Mot.).

## DISCUSSION

The Zismans seek to recover $82,369.82 in attorneys' fees and costs.[1] (ECF No. 104-1 ("Kranz Suppl. Affirmation") ¶ 3).

I.  Legal Standards

A district court has broad discretion to determine the reasonable amount of legal fees to be awarded. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008).

---

[1] This sum includes $49,629.57 in legal fees and $1,154.01 in costs incurred up to April 2020 (ECF No. 73-1 ("Kranz Affirmation") ¶ 18), and $31,586.24 in legal fees incurred since then (Kranz Suppl. Affirmation ¶ 3).

When determining reasonable attorneys' fees, Courts generally start calculations with the lodestar—that is, the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation. *Millea v. Metro-N. R.R.*, 658 F.3d 154, 166 (2d Cir. 2011). "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015) (citing *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). When reviewing a request for attorneys' fees, however, courts need not play the role of "green-eyeshade" accountants, nor should the determination of fees result in full blown litigation. *Fox v. Vice*, 563 U.S. 826, 838 (2011). Indeed, "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id.*

II.     The Zismans Are Entitled to $70,189.01 in Attorneys' Fees and Costs

The Zismans seek $81,215.81 in attorneys' fees incurred from the commencement of this action. (Kranz Affirmation ¶ 18; Kranz Suppl. Affirmation ¶ 11). "The traditional rule in the Second Circuit is that a fee application must be supported by 'contemporaneous time records' that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *CIT Bank, N.A. v. Mitchell*, No. 17-CV-1969 (ILG) (SMG), 2021 WL 54081, at *6 (E.D.N.Y. Jan. 6, 2021) (quoting *N.Y. State Ass'n for Retarded Child., Inc.*, 711 F.2d at 1148). In support of their request, Defendants submit a memorandum of law (ECF No. 74 ("Defs.' Mem.")), along with affirmations from the three attorneys who represented them throughout litigation—Mark M. Kranz ("Kranz"), Jacob Suslovich ("Suslovich"), and Eli Fixler ("Fixler")—describing each attorney's experience, qualifications, and rates; contemporaneous time reports indicating, *inter alia*, the date, duration, and a brief description for every task they billed (*see generally* Kranz Affirmation; Kranz Suppl. Affirmation; ECF Nos. 73-2 ("Suslovich Affirmation"), 104-2 ("Suslovich Suppl.

Affirmation"), 73-3 ("Fixler Affirmation"), 104-3 ("Fixler Suppl. Affirmation")). Defendants' submissions are sufficient for the purpose of assessing the reasonableness of requested attorneys' fees.

   A. Reasonableness of Hourly Rates

Courts generally use the prevailing hourly rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the district in which they sit. *CIT Bank, N.A. v. Gordon*, No. 17-CV-3972 (ADS) (GRB), 2019 WL 3976400, at *3 (E.D.N.Y. Aug. 22, 2019) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); citing *Polk v. N.Y. State Dep't Corr. Servs*, 722 F.2d 23, 25 (2d Cir. 1983)). "[T]he nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *CIT Bank, N.A. v. Tineo*, No. 17-CV-5119 (PKC) (RML), 2022 WL 1085492, at *1 (E.D.N.Y. Feb. 22, 2022) (citing *Arbor Hill*, 522 F.3d at 184 n.2), *adopted by* 2022 WL 842641 (Mar. 21, 2022). In this District, reasonable rates "generally range from $300.00 to $450.00 for partners, $200.00 to $325.00 for senior associates, [and] $100.00 to $200.00 for junior associates . . . ." *CIT Bank N.A. v. Gordon*, No. 17-CV-3972 (ADS) (SIL), 2020 WL 4587446, at *3 (E.D.N.Y. May 10, 2020) (citations omitted), *adopted by* 2020 WL 2711420 (May 26, 2020). However, courts consider several factors when weighing the reasonableness of rates, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Ultimately, "[d]etermining an award of attorneys' fees 'rests soundly within the discretion of the district court.'" *Gordon*, 2020 WL 4587446, at *2 (citing *Firststorm Partners 2, LLC v. Vassel*, No. 10-CV-2356, 2012 WL 3536979, at *2 (E.D.N.Y. Aug. 15, 2012)). Of relevance here, although courts have found "lower than standard rates to be acceptable" in mortgage foreclosure cases, *CIT Bank, N.A. v. Hawkins,* No. 14-CV-4656 (NGG) (CLP), 2017 WL 8786867, at *4 (E.D.N.Y. Sept. 14, 2017) (citation omitted), *adopted in part by* 2018 WL 389087 (Jan. 12, 2018)), higher rates may be justified in more complex cases, *see Avail Holding LLC v. Ramos*, No. 19-CV-117 (BMC), 2020 WL 7186794, at *2 (E.D.N.Y. Dec. 7, 2020) (finding an hourly rate $350 to be "eminently reasonable" for an associate with only six years of experience when the mortgage foreclosure action "was a hard-fought, heavily litigated action in which [plaintiff] raised a host of arguments which [defense counsel] successfully overcame").

The Zismans seek an award at the following rates: (i) $300 for Kranz, an associate of Suslovich & Klein who is appearing as of-counsel to the Law Office of Eli Fixler, and was admitted to practice in 2007 (Kranz Affirmation ¶¶ 1, 12); (ii) $400 for Suslovich, a member of Suslovich & Klein and also appearing as of-counsel to the Law Office of Eli Fixler, who was admitted to practice in 1973 (Suslovich Affirmation ¶¶ 1, 6); and (iii) $325 for Fixler, an attorney who was admitted to practice in 1997 (Fixler Affirmation ¶¶ 1, 5).

The Court finds that the requested hourly rates are reasonable. Submissions show that all counsel brought extensive relevant experience to bear on this complex and protracted action, including experience in commercial and real estate related litigation and transactions, and specifically with this type of case. (Kranz Affirmation ¶ 12, Suslovich Affirmation ¶ 6, Fixler

Affirmation ¶ 5). Moreover, "[t]his foreclosure action was particularly complicated because it followed a prior lengthy foreclosure action," which lasted seven years in state court before it was dismissed. (Kranz Affirmation ¶ 7). As such, counsel was required to engage in a thorough "review and analysis of all that had transpired in that prior action, discovery, and detailed motion practice in order to raise the defenses of the statute of limitations, res judicata, and collateral estoppel." (*Id.*). This federal action likewise spanned several years, during which time, "even though [each attorney's] hourly rates . . . increased," they maintained the same hourly rates "as a courtesy to the client." (Kranz Suppl. Affirmation ¶ 6). Finally, and critically, counsel achieved a favorable result for the Zismans. Accordingly, the Court recommends awarding the requested hourly rates.

B. Reasonableness of Hours Billed

When considering the reasonableness of the hours billed, courts consider "the validity of the representations that a certain number of hours were usefully and reasonably expended." *Tineo*, 2022 WL 1085492, at *2 (quoting *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012)). In this determination, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017) (finding hours to be reasonable when action was pending for several years and "warranted a considerable number of legal tasks not ordinarily undertaken in the context of a mortgage foreclosure proceeding"), *adopted by* 2018 WL 317840 (Jan. 3, 2018).

Courts frequently reduce hours that are unreasonable through a percentage reduction. *Tineo*, 2022 WL 1085492, at *2; *see N.Y. State Ass'n for Retarded Child., Inc.*, 711 F.2d at 1146 ("[C]ourts have endorsed percentage cuts as a practical means of trimming fat from a fee application."). Billed hours are unreasonable when they are "excessive, redundant, or otherwise unnecessary." *See Tineo*, 2022 WL 1085492, at *2 (citation omitted). Courts also have "discretion to reduce attorneys' fees where billing records contain vague entries, block entries, claims for excessive amounts of time, and other issues." *Zaslavskiy v. Weltman, Weinberg & Reis Co.*, No. 18-CV-4747 (DLI) (RER), 2022 WL 1003589, at *14 (E.D.N.Y. Jan. 5, 2022) (quoting *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 416–17 (E.D.N.Y. 2017)).

The Zismans seek compensation for hours billed by three attorneys: Kranz billed 184.35 hours (*see* Kranz Affirmation at 10; Kranz Suppl. Affirmation at 6); Suslovich billed 27.27 hours (*see* Suslovich Affirmation at 4; Suslovich Suppl. Affirmation at 4), and Fixler billed 46.16 hours (*see* Fixler Affirmation at 4; Fixler Suppl. Affirmation at 4). These hours reflect time spent defending the foreclosure action, including "numerous court appearances, drafting and arguing several motions including two fully briefed motions to dismiss and a subsequent cross-motion for summary judgment as well as extensive discovery which included the deposition of the Plaintiff's representative." (Kranz Affirmation ¶ 6). Following summary judgment briefing, counsel also billed hours for the time they spent responding to Plaintiff's motion for reconsideration, motion to vacate (Kranz Suppl. Affirmation ¶ 4; Suslovich Suppl. Affirmation ¶ 3; Fixler Suppl. Affirmation ¶ 3), and this Motion for Attorneys' Fees (*see* Kranz Affirmation at 13; Kranz Suppl. Affirmation at 6–7, Suslovich Suppl. Affirmation at 4, Fixler Suppl. Affirmation at 5).

CIT contends that defense counsels' hours should be reduced to account for their (1) unsuccessful motions to dismiss (ECF No. 72 at 4–7); (2) vague time entries (*id.* at 7–8); (3) block

billing (*id.*); (4) paralegal and/or clerical work (*id.*); and (5) redundant or excessive charges. (ECF No. 105 at 3–4). Upon consideration of Plaintiff's arguments and close review of the record, the Court finds that a fifteen percent reduction of the total hours billed is warranted.

    i.    <u>Unsuccessful Motions to Dismiss</u>

"[T]he critical factor in determining whether to reduce counsel's hours because of unsuccessful claims is the degree to which counsel achieved success in the lawsuit as a whole." *Restivo v. Nassau Cnty.*, No. 06-CV-6720 (JS) (SIL), 2015 WL 7734100, at *3 (E.D.N.Y. Nov. 30, 2015), *aff'd sub nom. Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017). The Supreme Court explained:

> Where a plaintiff has obtained excellent results, [their] attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (citations omitted); *see Bond v. Welpak Corp.*, No. 15-CV-2403 (JBW) (SMG), 2017 WL 4325819, at *6 (E.D.N.Y. Sept. 26, 2017) (declining to reduce attorney's hours based on time spent working on unsuccessful claims when they were "not readily severable from [successful] claims because each involved a common core of facts"); *Barkley v. United Homes, LLC*, No. 04-CV-875 (KAM) (RLM), 2012 WL 3095526, at *10 (E.D.N.Y. July 30, 2012) (declining to reduce attorneys' fees based on unsuccessful claims when they were interrelated with successful claims), *aff'd sub nom. Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22 (2d Cir. 2014), *as amended* (Jan. 30, 2014); *cf. Murray ex rel. Murray v. Mills*, 354 F. Supp. 2d 231, 234–35 (E.D.N.Y. 2005) (noting that when "*distinctly different claims* for relief that are *based on different facts and legal theories*" are presented in one lawsuit, "no fee may be awarded for services on the unsuccessful claim") (emphasis added). Because Defendants

ultimately prevailed in this suit, and the arguments in Defendants' motions to dismiss are based on the same underlying facts and "relate to the central defense of this action" (Defs.' Mem. at 3), the Court recommends granting recovery of legal fees associated with those motions.

ii. <u>Vague Time Entries</u>

The contemporaneous time record requirement is not satisfied by "'. . . vague entries such as 'conference with' or 'call to' a specified person . . . [even if] the court may be able to deduce the nature and relevance of a generally described time entry based on its familiarity with the case or other contextual clues.'" *Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols.*, No. 09-CV-121 (SJF) (ARL), 2015 WL 3444896, at *12 (E.D.N.Y. May 28, 2015) (quoting *Tucker v. City of N.Y.*, 704 F. Supp. 2d 347, 355 (S.D.N.Y.2010)); *see also Mary Jo C. v. Dinapoli*, No. 09-CV-5635 (SJF) (ARL), 2014 WL 7334863, at *10 (E.D.N.Y. Dec. 18, 2014) (collecting cases); *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (upholding a twenty percent reduction for vague entries and other unrecoverable hours); *Sooroojballie v. Port Auth. of N.Y. & N.J.*, No. 15-CV-1230 (WFK) (PK), 2021 WL 1827116, at *2–3 (E.D.N.Y. May 7, 2021) (finding that a fifteen percent reduction of requested fees was warranted due to vague and excessive billing).

Many of Kranz's and Fixler's records include vague references to emails, phone calls, and discussions with various parties without providing any information or details about the subject matter of those conversations. (*See* Kranz Affirmation at 11–13; Kranz Suppl. Affirmation at 6–7; Fixler Affirmation at 5–6; Fixler Suppl. Affirmation at 5). For example, Kranz repeatedly billed time for "email to Eli" (*see, e.g.*, Kranz Affirmation at 11 (records dated 3/5/2018, 4/20/2018, 5/13/2018)) and "discussion with Eli" (*see, e.g., id.* (records dated 2/7/2018, 2/23/2018, 3/12/2018, 5/4/2018)) without indicating the substance of their exchanges. Similarly, Fixler billed time for emails, meetings, and conference calls "with client" without even providing a general description

of the topics discussed. (*See, e.g.*, Fixler Affirmation at 5 (records dated 8/16/2017, 8/30/2017, 10/16/2017, 12/22/2017, 1/22/2018, 10/8/2018)). The high frequency of vague descriptions warrants a percentage reduction of hours.

   iii.    <u>Block Billing</u>

Block billing, or "the practice of aggregating numerous tasks into one billing entry," can make it difficult for a court to determine whether the time spent on an individual task or service was reasonable. *Nicaisse v. Stephens & Michaels Assoc.*, No. 14-CV-1570 (JS) (GRB), 2016 WL 4367222, at *8 (E.D.N.Y. June 6, 2016) (quotation omitted). Courts frequently use a percentage reduction to account for counsel engaging in block billing. *Penberg v. HealthBridge Management*, No. 08-CV-1534 (CLP), 2011 WL 1100103, at *9 (E.D.N.Y. Mar. 22, 2011) (collecting cases); *see Genger v. Genger*, No. 14-CV-5683, 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("Across-the-board reductions in the range of 15% to 30% are appropriate when block billing is employed.").

Many of the time entries for which Defendants seek recovery include several tasks, making it difficult for the Court to determine the reasonableness of the time spent on each task. Indeed, most of Kranz's and Fixler's time entries feature block billing. (*See* Kranz Affirmation at 11–13; Fixler Affirmation at 5–6). Suslovich likewise engaged in block billing, albeit less frequently. (*See* Suslovich Suppl. Affirmation at 4). Typical entries include: "Appearance for pre-motion conference, filing notice of appearance, discussion of matter with eli fixler" (Kranz Affirmation at 11 (record dated 10/17/2017)); "Review of leter (sic) to court; emails with client and Mark Kranz" (Fixler Affirmation at 5 (record dated 1/22/2018)); and "Research re atty fee motion; draftin opp" (Suslovich Suppl. Affirmation at 4 (records dated 5/5/2020 & 5/6/2020). This use of block billing, particularly in combination with vague entries, warrants a percentage reduction of hours.

10

iv.   Paralegal or Clerical Work

"A court has the discretion to reduce the award for time spent by attorneys engaging in 'less skilled work, like filing and other administrative tasks.'" *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 439 (S.D.N.Y. 2012) (quoting *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), *aff'd by* 487 F. App'x 619 (2d Cir. 2012)); *see Zervos v. Verizon N.Y.*, No. 01 Civ. 0685, 2002 WL 31553484, at *5 (S.D.N.Y. Nov. 13, 2002) (recommending a ten percent across-the-board reduction to account for inefficiencies, such as attorneys performing nonlawyer tasks). CIT asks the Court to reduce hours for entries that "should have been done by a paralegal or secretary." (ECF No. 72 at 7). To be sure, Kranz billed time for binding, mailing, and delivering documents; obtaining copies; and electronic filing (*see* Kranz Affirmation at 11–13; Kranz Suppl. Affirmation at 6–7), and Defendants do not offer any explanation or justification of their billing for paralegal and/or clerical duties aside from affirming that "the miscellaneous entries being questioned by Plaintiff's counsel . . . are all relatively clear and detailed." (Defs.' Mem. at 8). Although close review of Kranz's time records suggests he may not have billed a significant amount of time to clerical tasks, due to his practice of block billing, the Court is unable to determine how much time was allocated to these tasks. As such, a reduction in hours is appropriate.

v.   Redundant and Excessive Charges

Courts may also reduce awards when "the stated number of hours is greater than that which should have been required for the work produced." *E.S.*, 796 F. Supp. 2d at 431 (*citing Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002)). CIT points to entries by Kranz and Suslovich from April 2020, May 2020, and April 2021, which reflect that both lawyers conducted research for the Zismans' attorneys' fee motion and contributed to the drafting and

preparation of oppositions. (ECF No. 105 at 3–4). In reply, Defendants explained that although Suslovich and Kranz "worked together on this matter," they divided the work according to "the nature of the [work] involved" and who among them "was able to handle [a] particular matter," all with an aim of minimizing legal fees. (ECF No. 106 ¶ 6). The Court finds it reasonable that more than one attorney would be involved in these matters, particularly considering this action's procedural history, and is satisfied with the explanation of these charges.

***

Accordingly, due to the repeated use of vague entries and block-billing, as well as the time billed for paralegal or clerical tasks, the Court recommends reducing the requested hours by fifteen percent, and awarding a total of $69,035 for legal fees, as detailed below.

| Attorney | Hourly Rate | Hours Billed | Reduced Hours | Amount recoverable |
|---|---|---|---|---|
| Kranz | $300 | 184.35 | 156.70 | $47,010 |
| Suslovich | $400 | 27.27 | 23.18 | $9,272 |
| Fixler | $325 | 46.16 | 39.24 | $12,753 |
| | | | **Total Legal Fees** | **$69,035** |

C. Attorneys' Costs

"[A] court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Saleh v. Pretty Girl, Inc.*, No. 09-CV-1769 (RER), 2022 WL 4078150, at *35 (E.D.N.Y. Sept. 6, 2022) (quoting *Pennacchio v. Powers*, No. 05-CV-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). "Such reimbursable costs 'include filing fees, process servers, postage, travel, and photocopying,' as well as legal research costs." *Trs. of the Pavers & Rd. Builders Dist. Council Welfare v. M.C. Landscape Grp., Inc.*, No. 12-CV-834 (CBA) (VMS), 2016 WL 6998640, at *8 (E.D.N.Y. Aug. 25, 2016) (quotation omitted), *adopted by* 2016 WL 7017336 (Nov. 30, 2016). The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine*

*Serv. Ltd.*, No. 10-CV-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio*, 2011 WL 2945825, at *2).

The Court finds the expenses incurred in this lawsuit to be reasonable. The Zismans seek to recover $1,154.01 in costs, which includes $87.75 for certified copies of litigation documents from Kings County Clerk that were used as exhibits in the Zismans' motions (Kranz Affirmation ¶ 13 & at 14); $11.98 for copying and binding a courtesy copy of a cross-motion for summary judgment (*id.*); $312.78 for copies of transcripts (Fixler Affirmation ¶ 4 & at 7–9); and $741.50 for costs associated with a deposition (Kranz Affirmation ¶ 17; ECF No. 73-5 at 2). All costs are reasonable, adequately documented in counsels' affirmations, and substantiated with copies of receipts and invoices. Accordingly, the Court recommends granting full recovery of costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant in part and deny in part the Zismans' Motion for Attorneys' Fees, and award the Zismans $69,035 in attorneys' fees and $1,154.01 in costs, for a total of $70,189.01. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Carol Bagley Amon within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

    **Ramon E. Reyes, Jr.**

    RAMON E. REYES, JR.
    United States Magistrate Judge
    Dated: March 23, 2023
        Brooklyn, NY