UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CIT BANK, N.A.,

                            Plaintiff,

        -against-

SHARON ZISMAN, BEREL ZISMAN, NEW
YORK CITY DEPARTMENT OF FINANCE,
NEW    YORK    CITY    ENVIRONMENTAL
CONTROL BOARD,

                            Defendants.
--------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-cv-2126 (CBA) (RER)

**AMON, United States District Judge:**

        The Court assumes the parties' familiarity with the underlying facts of this litigation, and

only includes the procedural background relevant to its adoption of then-Magistrate Judge Ramon

E. Reyes's Report and Recommendation. (D.E. # 108 (the "R&R").)  On April 7, 2017, CIT Bank,

N.A. ("CIT" or "Plaintiff") brought this foreclosure action against Sharon Zisman and Berel

Zisman ("the Zismans" or "Defendants"), as well as the New York City Department of Finance

and the New York City Environmental Control Board.  (ECF Docket Entry ("D.E.") # 1.)  The

parties cross-moved for summary judgment.  (D.E. ## 52, 53.)  On April 8, 2020, I granted

summary judgment for Defendants and granted in part and denied in part Defendants' motion for

attorneys' fees pursuant to New York Real Property Law ("RPL") § 282.  (D.E. # 61.)  Judgment

was entered on April 9, 2020.  Plaintiff then filed a notice of appeal to the Second Circuit,

appealing from the adverse summary-judgment ruling, and moved for reconsideration of the

Court's granting of the motion for attorneys' fees, contending that Defendants' answer did not

1

contain a counterclaim for attorneys' fees, as required under RPL § 282.[1]  (D.E. ## 63, 67.)  In the alternative, Plaintiff moved for a stay of the portion of the judgment pertaining to attorneys' fees pending the appeal.  (D.E. # 67.)  Defendants, on the other hand, moved for a judgment to recover their attorneys' fees and costs.  (D.E. # 73.)

On March 13, 2021, I denied Plaintiff's motion for reconsideration and declined to stay the judgment as to attorneys' fees pending appeal.  (D.E. # 84 ("M&O") at 15.)  Plaintiff then moved to vacate the judgment for Defendants based on what it contended was a supervening change in controlling law.  (D.E. # 91.)  This Court denied that motion.  (D.E. # 98.)  Defendants then moved to supplement their motion for attorneys' fees to include the additional fees and costs incurred over the interim two years.  (D.E. ## 99, 104.)  On November 23, 2022, Plaintiff filed a notice of appeal from the Court's denial of the motion to vacate.  (D.E. # 101.)  On December 14, 2022, this Court referred Defendants' motion for attorneys' fees to then-Magistrate Judge Reyes for report and recommendation.  Judge Reyes issued a thorough and well-reasoned Report and Recommendation on March 23, 2023.  (R&R.)  In the R&R, Judge Reyes recommended that the Zisman's motion for attorneys' fees be granted in part and denied in part, reasoning that the requested attorneys' fees amount should be subject to a percentage reduction based on vague time entries, block billing, and time billed for paralegal or clerical work.  (R&R at 9-11.)  As to costs, Judge Reyes recommended that the costs were reasonable and should be recovered in full.  (R&R at 12-13.)  With respect to Plaintiff's appeal, the Second Circuit has set February 15, 2024 for oral argument.  (See CIT Bank, N.A. v. Zisman, No. 20-1314 (2d Cir.), D.E. # 150.)

---

[1] Despite the appeal, I retain ancillary jurisdiction over this case to determine the matter of attorneys' fees. See Neri v. Abi Japanese Rest., Inc., No. 20-CV-581 (MKB)(JRC), 2022 WL 4596735, at *1 (E.D.N.Y. Sept. 30, 2022) (holding that notwithstanding a pending appeal the district court retains jurisdiction "to adjudicate collateral matters such as attorney's fees" (quoting Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004))).

Plaintiff does not object to Judge Reyes's recommendation as to the reduced amount of the attorneys' fees Defendants are entitled to as prevailing parties up to this point. Plaintiff's sole objection is that the Court, in an exercise of its discretion, should hold Judge Reyes's R&R in abeyance pending the resolution of Plaintiff's appeal. (D.E. # 110 ("Pl. Mot.") at 3-4.) Plaintiff contends that if it prevails in the appeal, Defendants will no longer be the prevailing parties and their motion for attorneys' fees will be moot. (Id.) Even if its appeal is unsuccessful, Plaintiff argues, Defendants will seek to amend their motion to seek fees incurred in defending the appeal. (Id. at 4.) Further, Plaintiff points out that Defendants would not suffer any prejudice from a delay in the enforcement of the decision because interest would continue to run until the enforcement of the award. (Id.)

Defendants respond that Plaintiff's objection should be disregarded because it is not "specific and clearly aimed at particular findings in the magistrate judge's proposal" and thus procedurally improper. (D.E. # 111 ("Def. Mot.") at 1-2 (citing New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018).) Defendants also argue that I have already denied Plaintiff's previous motion to stay the portion of the judgment granting attorneys' fees to Defendants pending Plaintiff's appeal of the Court's summary-judgment ruling, and the "law of the case" doctrine dictates that the Court should reject Plaintiff's renewed attempt to postpone the imposition of that part of the judgment. (Def. Mot. at 2-3.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis

v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

I agree that CIT has not objected to the findings of Judge Reyes. I therefore adopt the R&R as to attorney's fees, as I find no clear error on the face of the R&R. As to CIT's objection, I hold that CIT's request to hold the R&R in abeyance is not precluded by the law of the case. The doctrine of the law of the case posits that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" unless "cogent and compelling reasons militate otherwise." United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (quoting United States v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991)). CIT's objection here, however, while it is a facially similar request for a stay pending appeal, is not the same issue I've previously ruled on. My previous ruling pertained to CIT's motion to stay enforcement of the judgment pending appeal of this Court's summary-judgment ruling. (See M&O at 15.) CIT's instant objection is that I should hold the R&R in abeyance pending the appeal of my denial of their motion to vacate, which was based on what CIT contended was a change in intervening law in Freedom Mortg. Corp. v. Engel, 169 N.E.3d 912 (N.Y. 2021), a different legal issue. (See Pl. Mot. at 2.) In the interest of judicial economy, I will not require CIT to file a separate motion for a stay pending appeal.

Accordingly, I ADOPT Magistrate Judge Reyes's R&R and award Defendants attorneys' fees in the amount of $69,035 and costs in the amount of $1,154.01, for a total of $70,189.01. Collection of the award, however, is STAYED pending final disposition of the pending appeal.

SO ORDERED.

Dated: January  3 , 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

5